## GARLAND & OSBURN *vs.* GRINNELL ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT

The creditor who obtains a judgment in attachment, has the right to cause so much of the property attached to be sold, as will satisfy his judgment. No other creditor has a right to interfere between him and their common debtor, without showing, at least, an equal or better right.

An attaching creditor of the same common debtor, whose suit is not decided, and his demand still *sub judice*, cannot intervene and impede the execution of the judgment creditor, and require the funds attached in the two cases to be equally distributed between them.

In relation to legal proceedings against debtors not known to be insolvent, no distinction exists between suits prosecuted in the ordinary way, and by attachment. An intervention of other attaching creditors before or after judgment will be dismissed.

This case commenced by a rule taken by Garland & Osburn, attaching creditors of W. P. Grinnell, during the pendency of their suit, on Grinnell, Minturn & Co., *judgment* creditors by attachment of the same defendant, and who were proceeding to execute their judgment on the property attached, to show cause why the funds attached in the two cases should not remain in the hands of the garnishees for equal distribution.

The evidence showed that when the rule was taken, Grinnell, Minturn & Co. attached the property of W. P. Grinnell, an absent defendant, and had obtained a judgment which they were proceeding to execute.

Garland & Osburn had levied an attachment on the same property, but their suit had not ripened into a judgment.

The property attached in the two cases, consisted of goods, notes and money in the hands of garnishees.

The district judge, on hearing the parties on the rule, considered the property as in the custody of the court, and by analogy to the provision of the *Code of Practice, article* 301,

8

EASTERN DIST.
March, 1835.

GARLAND & OS-
BURN
vs.
GRINNELL ET AL.

the equity of which particularly applied to the case of a non-resident debtor, to distribute the property according to rank and privilege, viz: equally among ordinary creditors, such as the parties contending in this case.

It was ordered that the costs in the two suits be first retained and paid out of the funds attached, and that the remainder be divided into shares according to the claims of the attaching creditors; that the judgment creditor receive his portion forthwith: the court reserving the power to make a supplemental decree as to the remainder.

From this decree, Grinnell, Minturn & Co. appealed.

*Hennen,* for the plaintiffs, contended that the property attached in these cases, was liable in co-equal proportions to the two attaching creditors, and that the prior attaching creditor had his privilege over a subsequent one on the same property. There are no privileges but those created by the code. The property of the debtor is the common pledge of his creditors. *Louisiana Code, article* 3152, 3150.

*Carleton & Lockett,* contra, for the appellant.

1. The law is settled that the first attaching creditor shall be paid in preference to all others. Creditors are never paid in concurrence, except in cases of insolvency. 8 *Martin's Reports,* 511. 1 *Louisiana Reports,* 431, 432. 3 *Ibid.* 183.

2. The record shows that the appellants had levied their attachment. The vigilant and industrious are ever first rewarded. *Vigilantibus et non dormientibus legis subveniunt.*

3. In Massachusetts and New York the second attaching creditor is made to delay proceedings until the first in judgment is satisfied. The first attachment is ever preferred to the United States for claims for duties on imports. 7 *Mass. Reports,* 76. 5 *Pickering,* 122.

*Bullard, J.,* delivered the opinion of the court.

In this case it appears that Grinnell, Minturn & Co. having sued the defendant Grinnell by attachment, and obtained a judgment, were impeded in the execution of it by

Garland & Osburn, other attaching creditors, whose suit is yet pending, and who obtained from the District Court, a rule on them to show cause why the funds attached, in the two cases, should not remain deposited in the hands of the garnishees for equal distribution, in satisfaction of the claims of the attaching creditors.

After argument, the court ordered that the amount of actual and probable costs in these suits, be first paid and retained; that the balance of the proceeds of the property attached in this case, be divided into shares, according to the claims of the attaching creditors; that the judgment creditor receive his proportion forthwith, the court reserving the power to make a supplemental decree, as circumstances may require.

From this decree the judgment creditors appealed.

Article 265 of the Code of Practice, gives to the creditor who has obtained a judgment in attachment, the right to cause so much of the property attached to be sold, as will suffice to satisfy his judgment. As soon as the judgment is signed, it becomes his property, and he has a right to proceed with the execution of it according to law, and no other creditor has a right to interfere between him and the common debtor, *without showing at least an equal or a better right.* In the case now before the court, the intervening creditors have no judgment, their demand is yet *sub judice*, and admitting that the mere levying of the attachment confers no privilege on either, it is not readily perceived how it can authorise one of them to arrest the progress of the other, in the pursuit of his rights. If both creditors had judgments, the question might fairly arise whether priority of attachment gives any preference. In the present case the reasoning of the counsel for the appellees is, in our opinion, fatal to the pretensions of his clients; for if the attachment gives no preference or privilege, then both parties must stand before the court as if they were ordinary creditors; the one with a judgment and the other without; and it never has been pretended that the law requires all the creditors of a common debtor, not insolvent, to proceed *pari passu* in the prosecution of their claims

The creditor who obtains a judgment in attachment, has the right to cause so much of the property attached to be sold, as will satisfy his judgment. No other creditor has a right to interfere between him and their common debtor, without showing at least an equal or better right.

An attaching creditor of the same common debtor, whose suit is not decided, and his demand still *sub judice*, cannot intervene and impede the execution of the judgment creditor, and require the funds attached in the two cases to be equally distributed between them.

on the admitted general maxim, that the property of the debtor is the common pledge of his creditors. Would any court interfere in the demand of an ordinary creditor to prevent a judgment creditor from recording his judgment so as to give it the effect of a judicial mortgage on the property of their common debtor? Would any court forbid the issuing of an execution under similar circumstances, because other suits were pending against the same person, not yet decided?

In the case of Gasquet & Co. vs. Johnson et al., this court held, that in relation to legal proceedings against debtors not known to be insolvent, no sound distinction exists between suits prosecuted in the ordinary mode, by citation, and those which are pursued by attachment. In that case all intervention of other attaching creditors, before judgment, was dismissed. In this case the interference took place after judgment. 1 *Louisiana Reports*, 425.

It will be readily perceived from the foregoing remarks, that we consider the fallacy of the reasoning on the part of the appellees, and which appears to have been adopted by the court, to consist in supposing that the case presented was one in which the court was called on to make a distribution among concurring creditors; but, in fact, only one creditor presented any claim to be paid out of the property of the defendant. He had a judgment, and the opposing creditors have not yet shown, even as against the debtor himself, any right to have his property sold to satisfy their claims. We are, therefore, of opinion that the court erred in making a provisional distribution of the property attached, in such a way as to curtail the rights of the appellants, to be paid the amount of their judgments out of the property of the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed: that the rule be discharged at the cost of the appellees, and that they pay the costs of this appeal.