No. 1451.—COLLINS & LEAKE v. J. O. FRIEND, ROBERTSON YEATMAN, Garnishee.

In an attachment suit, no judgment can be rendered against the garnishee before judgment is obtained against the debtor.

APPEAL from the Fourth District Court of New Orleans, *Fellowes, J. Cooley & Phillips*, for plaintiffs and appellees. *M. C. Dunn*, for garnishee and appellant.

HOWELL, J. Plaintiffs brought suit by attachment against the defendant, a non-resident, and propounded interrogatories to R. Yeatman as garnishee, who answered, in substance, that he neither held any property belonging, nor was indebted to the defendant, but that, as agent of Mrs. Acklin, in January 1867, he entered into a contract of compromise with the defendant (Friend), Gomkel and Lanier, for annulling a lease of certain plantations in West Feliciana, and purchasing certain movable property thereon from two of said lessees, Gomkel and Lanier, upon its value being ascertained by referees to be chosen by the contracting parties; that no settlement has been made under said contract, on account of an attachment suit of Hunt and Macaulay against said Gomkel and Lanier, and the interventions therein, in which defendant was made garnishee before cited in this suit; that he had knowledge of a written transfer by Lanier, one of said parties, to J. O. Friend, the defendant, of one-half of his interest in said act of compromise, estimated at $8000, to be paid by the garnishee to said Friend, after paying costs and attorney's fees in the suit of Lanier v. Gomkel; but that individually he is in no way liable to Friend. Plaintiffs then, without any further proceedings against defendant, took a rule to set aside said answers, take the interrogatories for confessed, and obtain judgment against the garnishee for the amount of their claim, to be paid into the hands of the sheriff, on the grounds that the answers are untrue, and that they show he has funds belonging to defendant. On the trial the only testimony was that of the garnishee, who testified that he acted only as the agent of Mrs. Acklin, whose funds he held, which he was prepared, when legally authorized, to pay to any one decreed entitled thereto under the act of compromise and the private transfer; that after paying the claims having preference over Lanier's claim, there was coming to Lanier $1200 or $1300 and that he felt himself bound to pay any balance there may be to Lanier

and not to Friend. The Judge *a quo* gave judgment ordering the garnishee "to proceed within the shortest delay possible to settle his account as agent of Mrs. Acklin, and pay over to the sheriff one-half of the amount found to be due to Lanier, to be held subject to the claim of plaintiffs." From which the garnishee appealed.

The judgment is erroneous in ordering the garnishee to make a settlement with third parties and pay any sum into the hands of the sheriff before judgment is rendered against the defendant.

The only questions between the plaintiffs and garnishee are, is the latter indebted to the defendant, and can he safely pay the plaintiffs? To ascertain this he may perhaps be required, in certain circumstances, to show the state of his accounts with the defendant, but not other parties, or to institute or prosecute legal proceedings against persons with whom the defendant may have contracted; and in no case can judgment be had against a garnishee before judgment is obtained against the debtor. 5 N. S. 307; 12 L. 16; 10 R. 138; 14 A. 374. This proceeding is therefore prematurely acted on.

It is therefore ordered that the judgment appealed from be reversed, and the cause remanded for further proceedings according to law.