(103 So. 823)

No. 25922.

## STRAWBERRY GROWERS' SELLING CO., Inc., v. LEWELLYN (PAXTON, Intervener).

(March 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Attachment**  ⊂⊃291—Attaching creditor cannot intervene in suit of prior attaching creditor, in order to dissolve latter's attachment for defects of procedure.

An attaching creditor has no right to intervene in suit of a prior attaching creditor, for purpose of dissolving latter's attachment, because of alleged defects in procedure.

2. **Banks and banking**  ⊂⊃224—Seizure made by attaching creditor, garnisheeing credits due to defendant and serving notice of seizure, sufficient.

Where attaching creditor, not only garnisheed credits due by bank to defendant, but also attached them, by serving notice of seizure under the attachment, the seizure so made was sufficient.

3. **Holidays**  ⊂⊃5—Attachment may be issued and executed on legal holiday.

Under Act No. 98 of 1890, an attachment may be issued and executed on legal holiday.

4. **Appearance**  ⊂⊃22—Where defendant appeared in person, validity of appointment of curator ad hoc and validity of citation and service became immaterial.

Where defendant appeared in person and filed answer to suit by an attaching creditor validity of appointment of curator ad hoc and validity of citation and service thereof became immaterial.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Action by the Strawberry Growers' Selling Company, Inc., against John A. Lewellyn, in which J. R. Paxton intervened. From a judgment in favor of plaintiff, and against intervener, dismissing intervention, intervener appeals. Affirmed.

A. W. Spiller, of Hammond, for appellant.
W. S. Rownd, of Hammond, and J. M. Blache, Jr., of Hammond (Dufour & St. Paul, of New Orleans, of counsel), for appellee.

OVERTON, J. Plaintiff brought this suit to recover judgment against defendant for $4,568. The petition, besides setting out the aforesaid indebtedness, alleges that defendant is a nonresident, also that he is about to dispose of his property in this state with the intent to defraud plaintiff, and that a writ of attachment is necessary. The petition also sets out that plaintiff has good reason to believe that defendant has funds and credits in the hands of the Citizens' National Bank of

Hammond, and that plaintiff desires to make said bank a party, garnishee to this suit. The writ of attachment issued, and interrogatories on facts and articles were attached to plaintiff's petition, and a copy of the petition, together with a copy of the interrogatories thereto attached, and a citation addressed to the bank, were served upon the bank. The sheriff executed the writ of attachment by seizing the credits and amounts due defendant by the bank, and in due course the bank answered the interrogatories, which had been served upon it, and confessed that it had funds in its hands, belonging to defendant, in an amount stated by it, not sufficient to pay plaintiff's claim in full, but exceeding $2,000.

A day or two after plaintiff had executed its attachment, J. R. Paxton also brought suit against defendant for indebtedness due him, and attached the credits and amounts due defendant by the Citizens' National Bank, as the plaintiff herein had done, and also garnisheed said bank. Shortly after Paxton had brought his suit, he intervened in the present case, alleging that the prior attachment, issued and executed by plaintiff, was null and void, and praying that plaintiff's demand be rejected, that plaintiff's attachment be dissolved, and that he (Paxton, the intervener herein) be allowed $75 damages against plaintiff and the surety on its bond, as attorney's fees for dissolving said attachment.

Intervener alleged in his petition some six or seven grounds for dissolving the attachment. He now urges, however, only three of those grounds, which condensed, are:

(1) That the clerk of court cannot appoint a curator ad hoc for an absentee, without an affidavit showing the absence of the district judge.

(2) That the clerk of court cannot grant an order, making one garnishee in an attachment suit, without an affidavit showing the absence of the district judge.

(3) That the order and citation for the attachment were issued and served on a legal holiday.

The intervention was tried, and judgment was rendered in favor of plaintiff and against the intervener, dismissing the intervention, and recognizing plaintiff as having a privilege, as attaching creditor, priming intervener's privilege as such. From this judgment Paxton has appealed.

[1] Plaintiff urges, inter alia, that an attaching creditor has no right to intervene in the suit of a prior attaching creditor, for the purpose of dissolving the latter's attachment, because of alleged defects in the procedure, with the end in view of making himself the first attaching creditor by dissolving the prior attachment.

In our opinion plaintiff's position is correct. In the case of Clamageran v. Bucks, 4 Mart. (N. S.) 487, 16 Am. Dec. 185, a person named Mellon intervened and claimed that he was an attaching creditor of the defendant in that case, and that he had a right to intervene therein for the purpose of showing that the affidavit on which the attachment had issued in the suit in which he intervened was not made according to law, and hence that all the proceedings had therein were null. The court, in passing upon the question, said:

"We are also of opinion that an intervening creditor cannot plead peremptory exceptions, the only object of which is to have the cause dismissed for irregularities in the proceedings. These were matters for the consideration of the defendants, or those who represented them, and if they thought fit to waive a defense which should not be used in a just action, no other party can. It is exercising rights which do not belong to him, and which no law that we are acquainted with confers."

See, also, Gasquet v. Johnson, 1 La. 425, and Garland v. Grinell, 8 La. 57.

The intervener cites, in support of his asserted right to intervene, the case of Chaflin & Co. v. Feibelman & Co., 44 La. Ann. 518, 10 So. 862. However, that case differs from the present case, in that the purpose of the intervention was not, as in the present case, to

interpose exceptions as to the validity of the procedure in the main suit, and thereby defeat it, but to show that the debt upon which the first attachment issued was a contingent one, and might never become a debt of the common debtor, and hence was not a debt upon which an attachment could issue, or even a judgment be rendered. The ruling was correct, but is not applicable here. Intervener cites other cases in support of his right to intervene, but an examination of them shows that they are not pertinent.

[2-4] Assuming, however, that we are in error in holding as we have, still we are not of the opinion that intervener is entitled to the relief for which he prays. Our reasons for so thinking are as follows: Plaintiff, as we have seen, not only garnisheed the credits due by the bank to defendant, but also attached them, by serving notice of seizure, under the attachment, on the bank. The seizure so made was sufficient. Harris v. Bank of Mobile, 5 La. Ann. 538; Levy v. Acklen, 37 La. Ann. 545. It is true that the attachment issued and was executed on a legal holiday, but that fact did not make the attachment or its execution illegal, for the law expressly provides that attachments may issue and be executed on legal holidays, including Sundays. Act 98 of 1890, p. 115. Therefore the only grounds urged by intervener that could possibly result in the dismissal of plaintiff's suit, and the consequent dissolution of the attachment, are the alleged invalidity of the appointment of the curator ad hoc and the invalidity of the citation and the service thereof. However, were we to sustain these, our action would not call for the dissolution of the attachment and the dismissal of the suit, but we think plaintiff would have the right to have the curator reappointed and another citation issued and legally served. The question as to the validity of the appointment of the curator, of the legality of the citation, and of the service thereof has, however, passed out of the case, for it appears that the defendant appeared in person and filed an answer to plaintiff's suit. Intervener urges that the filing of this answer should not be permitted to prejudice his rights. The reply is that it does not, for the reason that, had all of defendant's objections to the procedure in plaintiff's case been sustained, the sustaining of them would not have called for the dissolution of the attachment or the dismissal of the suit, especially at the instance of an intervener.

The judgment appealed from is therefore affirmed.

ST. PAUL, J., recused.