(115 So. 789)

No. 27846.

## SILVERMAN v. GRINNELL.

Jan. 18, 1928. Rehearing Denied March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Garnishment** ⟨⟨⟩⟩4—**Proceeding pursuant to garnishment statute presupposes existence of suit in which a definitive judgment on merits or cause of action may be rendered (Code Prac. art. 246).**

Proceeding pursuant to Code Prac. art. 246, relative to a creditor's being allowed to call on third persons to divulge under oath what property they may have belonging to defendant debtor, or in what sum they are indebted to such defendant, presupposes the existence of a suit in which a definitive judgment on the merits or cause of action may be rendered.

2. **Judgment** ⟨⟨⟩⟩17(11)—**In attachment proceeding, judgment cannot be rendered against defendant not cited as required by law.**

In an attachment proceeding not in rem, judgment cannot be rendered against a defendant who has not been cited in manner required by law.

3. **Garnishment** ⟨⟨⟩⟩73—**Court held without jurisdiction to render judgment against garnishees, where it had no jurisdiction of defendant.**

Court *held* without jurisdiction to render any judgment against garnishees, where, because defendant had not been cited either personally or constructively, it had no jurisdiction to render judgment against him.

4. **Garnishment** ⟨⟨⟩⟩105—**Garnishee owes only what is due debtor at time interrogatories are served on him (Code Prac. art. 246).**

Under Code Prac. art. 246, a garnishee owes only what is due debtor at time interrogatories provided for by such statute are served on him.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Samuel W. Silverman against Henry Grinnell. Plaintiff's rules to traverse answers of garnishees, the Canal-Commercial Trust & Savings Bank, Bailey Willis, and George Westfeldt, to certain interrogatories, were dismissed, and plaintiff appeals from the judgment. Affirmed.

Henry & Cooper and A. M. Suthon, all of New Orleans, for appellant.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for garnishees.

BRUNOT, J. The petition in this case alleges that Henry Grinnell is a resident of the city of New York; that he is indebted to the plaintiff in the sum of $8,780.95, with legal interest thereon for certain amounts from specific dates; that the sum sued for is past due, and no part of the principal or of the interest thereon has been paid, although amicable demand has been made therefor; that the Canal-Commercial Trust & Savings Bank of New Orleans has property in its possession or under its control belonging to the defendant, or has property in its possession or under its control in the name of Bailey Willis and George Gustave Westfeldt, as trustees for the defendant, and in which the defendant has an interest; and that said bank and trustees should be made garnishees herein, and be required to answer the interrogatories annexed to the petition; and that a writ of attachment is necessary to protect the petitioner's rights in the premises. The prayer is for the issuance of a writ of attachment, upon plaintiff furnishing the bond required by law, commanding the civil sheriff to seize and attach the property of the defendant within the jurisdiction of the court; that the Canal-Commercial Trust & Savings Bank and Bailey Willis, through said bank, as his agent, and George Gustave Westfeldt, be made garnishees, and ordered to answer the interrogatories annexed to the petition; that Henry Grinnell be cited to answer the petition; and, after legal delays and proper proceedings, for judgment in favor of the plaintiff and against the defendant for the sum sued for, with interest on various parts thereof from specific dates, for the maintenance of the writ of at-

tachment, for the sale of the property seized under the writ, and, for the payment of the sum sued for, with interest and costs, by preference and priority, out of the proceeds realized from the sale of said property.

The Canal-Commercial Trust & Savings Bank, for itself and for Bailey Willis and George Gustave Westfeldt, garnishees, filed similar answers to the interrogatories propounded to them. The questions and answers thereto follow:

"Q. 1. Had you in your hands, or under your control, directly or indirectly, at the time of service of these interrogatories, or at any time since, any money, rights, credits, or other property whatsoever, belonging or due to the said defendant in writ or in which he has or had any interest for a whole or for a part; and, if 'yea,' what is the nature, description, and amount thereof, and is the same sufficient to pay or satisfy the full amount of said writ or if less, to what amount? You being asked and required to make full disclosure in relation to the same.

"A. 1. To the first interrogatory garnishee answers 'No.' And, further answering, garnishee says that there is a certain amount of stocks placed in the hands of garnishee, as trustee, in which Henry Grinnell is to receive during his lifetime one-third of the rents, issues, profits, dividends, interest, and income upon the amount placed in garnishee's hands as trustee; that the trustees of said trust were and are George Gustave Westfeldt and Bailey Willis, the said securities having been placed in garnishee's hands by the said trustees.

"And garnishee, further answering, says that it is not indebted to Henry Grinnell because the said Henry Grinnell has assigned the amount coming to him, which is about $70 a month, to Beckie Kaplan; that the last assignment of the amount coming to said Henry Grinnell was for 15 months, beginning October 21, 1924; that it is the habit of said Henry Grinnell to make these assignments; and that there is therefore no amount due to said Henry Grinnell.

"Q. 2. Were you not, at the time of service upon you of these interrogatories, or since, directly or indirectly, indebted or obligated unto the said defendant in writ for anything or for any sum whatever, whether for yourself alone or together with others, in consequence of any sale or exchange or transaction of any kind whatsoever, whether the same be due or to become due, and whether the interests of said defendant in writ be direct or indirect, or be for the whole or a part only or whether it be by bill, note, or otherwise; and, if 'Yea,' what is the nature, description, and amount thereof, and is the same sufficient to pay or satisfy the full amount of said writ and costs, or, if less, what amount? You being asked and required to make a full and detailed disclosure in relation to the same.

"A. 2. To the second interrogatory garnishee answers 'No,' and reiterates the statements made in answer to the first interrogatory.

"Q. 3. Have you, at any time since the service of notice of seizure in your hands herein made, directly or indirectly, unto or with the said defendant in writ any payment or innovation or compromise, or arrangement or given him any note or written obligation or received from him directly or indirectly any receipt or acquittance, and, if 'Yea,' state the nature, description, and amount thereof, and the time, place, and circumstances of the same.

"A. 3. To the third interrogatory garnishee answers 'No,' and reiterates the statements made by it in answer to the first interrogatory."

Plaintiff filed rules to traverse the answers of the garnishees to the first and second interrogatories as being false and evasive. The rules to traverse were heard and dismissed, and plaintiff appealed from the judgment.

The defendant debtor is a nonresident, and while, for that reason, plaintiff has brought an attachment suit, he is not suing in rem, for he prays for a money judgment against the defendant and for personal service and citation upon him. It is therefore apparent that Henry Grinnell, the party sought to be made defendant, is not now before the court, and, for that reason, no judgment can be rendered against him in this suit. The petition does not allege that the said Grinnell has, or ever had, any property, rights, credits, or equities of value in this state, except such as are reserved to him in the deed creating the trust fund which is being administered and disbursed by the garnishees. It is therefore equally apparent that the purpose of plaintiff's proceeding is to subject to seizure the alleged interest of his debtor in a trust fund under the control of disinterested trustees by

having these trustees made parties to his purported suit in the manner provided by article 246, C. P., which follows:

"If a creditor know or suspect that a third person has in his possession property belonging to his debtor, or that he is indebted to such debtor, he may make such a person a party to the suit, by having him cited to declare on oath what property belonging to the defendant he has in his possession, or in what sum he is indebted to such defendant, even when the term of payment has not yet arrived."

[1, 2] A proceeding pursuant to the provisions of article 246, C. P., presupposes the existence of a suit in which a definitive judgment on the merits or cause of action may be rendered. We have seen that the defendant in this cause was not cited, and plaintiff has not asked that he be cited in the manner required by law, and hence no judgment can be rendered against him herein.

In this case the garnishees declared in their answers to the interrogatories that they owed nothing to the defendant. Plaintiff filed rules to traverse the answers, and, when the court dismissed the rules, he appealed. The case, in this respect, is much stronger than Caldwell v. Townsend, 5 Mart. (N. S.) 307. In the Caldwell Case the court was of the opinion that the garnishee was discharged by his answers, and it refused to permit the answers to be traversed. On appeal, this court declined to pass upon the propriety of the lower judge's ruling, but affirmed the judgment upon the ground that:

"The garnishee is only responsible to the plaintiff in attachment, through the claim which he has enforced to judgment against the defendant in the cause, and no such judgment appears on record in this case."

[3] Inasmuch as the defendant debtor has not been cited, either personally or constructively, the court is as clearly without jurisdiction to render any judgment against the garnishees as it is without jurisdiction to render judgment against him. Whatever

eventual interest the debtor may have in the trust fund is immaterial, and need not be considered at this time, for such interest is entirely contingent and dependent upon the happening of future events. In the case of Maduel v. Mousseaux, 29 La. Ann. 228, the court held, quoting from the syllabus, that:

"It is only property in the possession of the garnishee, or a debt absolutely due by him, though not exigible, at the moment the interrogatories are served on him, that can be seized under a garnishment process. A prospective, contingent debt cannot be reached by such process."

[4] It is the recognized rule that a garnishee owes only what is due the debtor at the time the interrogatories are served upon him. In Collins & Leake v. Friend, 21 La. Ann. 7, the court said:

"The only questions between the plaintiffs and garnishee are, Is the latter indebted to the defendant, and can he safely pay the plaintiffs? To ascertain this he may perhaps be required, in certain circumstances, to show the state of his accounts with the defendant, but not other parties, or to institute or prosecute legal proceedings against persons with whom the defendant may have contracted; and in no case can judgment be had against a garnishee before judgment is obtained against the debtor."

In its last analysis, plaintiff's present suit is, merely, the casting of a seine in the hope of catching something of value belonging to the defendant that may hereafter be seized and subjected to execution in a proper proceeding against him.

As no judgment can be rendered against a garnishee before judgment is obtained against the debtor, and as the debtor is not now before the court, and hence no judgment can be rendered against him in this proceeding, and as the testimony offered on the trial of the rules to traverse is corroborative of the correctness of the garnishees' answers to the interrogatories, we think the garnishees are discharged by their answers, and the rules to traverse were properly dismissed. For the

reasons stated, the judgment is affirmed at appellant's cost.

O'NIELL, C. J., concurs in the decree.