No. 3484

Second Circuit

SMITH v. TOOKE
PRUDENTIAL INS. CO. OF AMERICA, GARNISHEE

(March 12, 1929. Opinion and Decree.)
(April 5, 1929. Rehearing Refused.)

Cook and Cook and C. D. Egan, of Shreveport, attorneys for plaintiff, appellant.

Melvin F. Johnson, of Shreveport, attorney for garnishee, appellee.

REYNOLDS, J. In this case the plaintiff, Homer S. Smith, having obtained judgment against the defendant, L. M. Tooke, caused a writ of fieri facias to issue thereon, and under a petition alleging that the Prudential Insurance Company of America was indebted to the defendant or had in its possession or under its control property belonging to him, a writ of garnishment was issued and served on the garnishee, which answered that it was not indebted to the defendant and did not have in its possession or under its control any property of his, and the plaintiff having traversed the answers of the garnishee, a trial was had, and there was judgment sustaining the answers of the garnishee and dismissing the garnishment proceeding, and the plaintiff appealed.

The defendant, L. M. Tooke, testified that from the second day of January, 1928, to the day of the trial (which took place on October 16, 1928), he had received from the garnishee $1612.47 as commissions on policies of insurance sold by him for it, and, that these commissions had been received by him before the issuance of the writ of garnishment.

"Q. Is it not a fact that the Prudential Insurance Company requires the cash paid before delivery of the policy?
"A. Yes, sir.
"Q. Is it not a fact that you always get your share of the commissions, or

deduct it out of the payment, before the policy is ever delivered?

"A. It is taken out.

"Q. Before the policy is delivered to the insured?

"A. When I settle.

\* \* \* \* \* \*

"Q. Have you ever received a check or voucher in payment from the Prudential Insurance Company?

"A. No.

"Q. This money you deducted; as I understand it, you received a certain amount; you received payment from a man whom you sold a policy to, on the premium, you deducted your share and sent the balance to the Prudential Insurance Company?

"A. Yes.

"Q. That is the money you referred to, this sixteen hundred dollars?

"A. Yes, sir; I have authority to deduct it, take it out, and then send balance to the company.

"Q. It was really payment to you from the Prudential Insurance Company for selling those policies?

"A. Yes."

The plaintiff contends that this evidence shows that the garnishee was paying the defendant an average sum of $169.73 monthly and that under the provisions of Act No. 115 of 1928 he is entitled to judgment against the garnishee ordering it to pay him one-half of that amount, or $84.85 monthly on his judgment against the defendant until it is paid.

The act in question only authorizes the seizure of "wages or salaries" and in our opinion what defendant received for the services he rendered the garnishee was neither wages nor salary but a commission, which is defined to be the compensation of an agent.

In Theo. Brierre & Sons vs. Their Creditors, 43 La. Ann. 423, 9 So. 640, where the question was whether a traveling salesman of Theo. Brierre & Sons was entitled to the privilege granted by article 3191 of the Civil Code to the salaries due "clerks, secretaries, and other persons of that kind," his work being to make sales of the goods dealt in by his employer and receive one-half of the profits and bear one-half of the losses of the business done, it was held that he was not a clerk nor his remuneration salary.

In Weems vs. Delta Moss Company, 33 La. Ann. 973, it was held that one employed as a salesman or agent to solicit sales of his employer's wares, at a fixed monthly compensation and in addition a commission on all sales effected by him, was not a clerk within the meaning of article 3191 of the Civil Code according a privilege to clerks for their salaries.

We do not think the Legislature intended to make commissions subject to seizure, for the reason that their basis is too uncertain to predicate a judgment on. Where one is employed at a fixed salary by the day, week, month, or year, what may be due him at any future date, should he continue in the employment, is easily calculable, and might be used as a foundation for judgment against the garnishee, but earnings on a commission basis have no such certainty.

It is stated in 20 Cyc. 1007, that, as a general rule, debts that are uncertain or contingent and therefore may never become due or payable, are not the subject of garnishment; and that only debts in nature absolute and payable at some time, without contingency, can be reached by garnishment.

In Maduel vs. Mousseaux, Union Insurance Company garnishee, 29 La. Ann. 228, where it was sought to subject to garnishment process salary claimed to be owing to the judgment debtor for services in his capacity of president of the garnishee, and the garnishee having answered that it "does not at present, nor did it at the

time of seizure and service of interrogatories, owe any money to the judgment debtor, and that it admitted that he was its president and received from it monthly wages in a stated sum "for his personal services rendered to the said company in his aforesaid capacity of president," it was held that:

"It is only property in the possession of the garnishee, or a debt absolutely due by him, though not exigible, at the moment the interrogatories are served on him, that can be seized under a garnishment process. A prospective, contingent debt cannot be reached by such process."

In Coleman vs. Fennimore, 16 La. Ann. 253, it was held that answers acknowledging no present indebtedness to defendant, nor any future indebtedness except contingent upon an uncertain event, will not bind garnishees.

It was laid down in Silverman vs. Grinnell, 165 La. 587, 115 So. 789, that:

"It is the well recognized rule that a garnishee owes only what is due the debtor at the time the interrogatories are served upon him."

In Cargill vs. Otwell, Ruston State Bank, garnishee, 3 La. App. 197, where it was sought to subject to garnishment process money on deposit with the garnishee that had been loaned by it to the judgment debtor to enable him to plant, cultivate and gather agricultural products, on which it would have a privilege for the loan, it was held that the money on deposit constituted a trust fund, that it could not be diverted from the purposes to which it was dedicated by seizure at the instance of a third person, and that the judgment debtor's interest in it could not be subjected to garnishment.

We are of the opinion that commissions that may become due the agent of a life insurance company for services rendered by him in selling life insurance are neither wages nor salary within the contemplation of Act No. 115 of 1928 and that they cannot be subjected to garnishment process.

Finding no error in the judgment appealed from, it is ordered, adjudged and decreed that it be affirmed.