148 So. 885

**ANISMAN v. NAGLE et al.**

No. 32220.

May 29, 1933.

Cook & Cook and Crain & Johnson, all of Shreveport, for appellant.

Julius T. Long, of Shreveport, for appellees.

LAND, Justice.

This is a proceeding via ordinaria to collect certain mortgage notes for $9,000, secured by special mortgage on the plantation of the defendant Mrs. Susan A. Nagle. These notes were executed jointly by Mrs. Nagle and her husband, F. C. Nagle, the other defendant in the case.

Plaintiff, the holder of the notes in question, also caused a writ of attachment to issue, and, under this writ, garnished the sum of $750, due by the police jury of Caddo parish to the defendant, Mrs. Susan A. Nagle, for damages for a road constructed through her plantation.

Defendants filed a joint motion to dissolve the writ of attachment issued in this case for the reason that the grounds for same were wholly false.

Defendants also claimed against plaintiff, because of the illegal issuance of the writ of attachment, damages in the sum of $2,100 for injury to feelings, loss of time, and attorney's fees.

Judgment was rendered in favor of defendants, dissolving the writ of attachment, and awarding to each defendant damages in the sum of $100 for humiliation and worry. The sum of $100 was also awarded to Mrs. Susan A. Nagle and the sum of $50 to F. C. Nagle for attorney's fees.

From this judgment plaintiff has appealed.

1. The attachment was applied for by plaintiff on the grounds that defendants were about to mortgage, assign, dispose of, and conceal or part with their property, money, rights, or credits, with intent to defraud their creditors, and particularly the plaintiff, and to give other creditors an unfair advantage.

We fail to find any evidence in the record sufficient to establish the grounds alleged for the issuance of the writ of attachment in this case. The motion to dissolve the writ was therefore properly sustained.

■ 2. Nor do we find any good reason for increasing the quantum of damages, as prayed for by defendants in their answer to the appeal.

3. Plaintiff has filed a motion to remand the case for further evidence in support of the writ of attachment, on the grounds that, since the judgment for damages was rendered in their favor, defendants have assigned to their daughter their respective interests in the judgment, and also the claim of $750 due the defendant Mrs. Susan A.

Nagle, by the police jury of Caddo parish, and have placed a mortgage on part of a lot in the city of Shreveport, La.

The judgment for damages was rendered in defendants' favor December 10, 1932.

The assignments referred to by plaintiff did not take place until March 28, 1933, and the act of mortgage complained of is of later date, April 25, 1933.

■ The motion to remand is refused, as it is well settled that a writ of attachment must stand or fall upon the state of facts existing at the date of its issuance, and cannot be cured by a subsequent event. First Nat. Bank of Natchez v. A. Moss & Co., 41 La. Ann. 227, 6 So. 25; H. B. Claflin Co. v. B. Feibelman & Co., 44 La. Ann. 518, 10 So. 862; State Nat. Bank v. New Orleans Brewing Association et al., 49 La. Ann. 943, 945, 22 So. 48.

Judgment affirmed.