## HOME FINANCE SERVICE v. TREADAWAY. *

### No. 16936.

Court of Appeal of Louisiana. Orleans.

Jan. 23, 1939.

Gill & Simon, of New Orleans, for appellant.

*Rehearing denied Feb. 6, 1939.

Joseph A. Casey, Arthur F. Babin, Jr., and Joseph S. Casey, all of New Orleans, for appellee.

McCALEB, Judge.

On October 16, 1936, plaintiff in rule, Home Finance Service, obtained a judgment in these proceedings against Philip E. Treadaway for $130. This judgment has never been satisfied although plaintiff has made several unsuccessful efforts to recover the amount due.

On October 20, 1937, plaintiff caused a writ of fieri facias to be issued and, on a petition alleging that Curran & Treadaway, Inc., was indebted to the defendant, a writ of garnishment, accompanied by interrogatories, was served upon that corporation. The defendant garnishee filed its answer to the interrogatories on October 22, 1937, categorically denying that it was indebted unto the judgment debtor in any sum whatsoever or that it had any property belonging to him in its hands or under its control or that he was in its employ.

On January 14, 1938, plaintiff, proceeding under Act No. 181 of 1932, filed a rule against the garnishee praying that the latter show cause why judgment should not be rendered against it in accordance with the provisions of that statute. This rule was subsequently abandoned.

Later, however, on January 25, 1938, the plaintiff filed the present rule alleging that the garnishee's answers to the interrogatories propounded under the writ of garnishment which issued October 20, 1937, were false and evasive; that Philip E. Treadaway was in the garnishee's employ on the date of the service of the interrogatories and that it is now indebted to Treadaway and was indebted to him at the time the writ issued. On these averments, the court ordered the garnishee to show cause why the answers filed by it should not be set aside and why judgment should not be rendered against it for the amount of plaintiff's judgment against Treadaway.

After hearing the evidence submitted on the trial of this rule to show cause, the judge made it absolute and ordered the garnishee to pay to the constable of the First City Court the sum of $110.10. This appeal has been prosecuted as a consequence of the adverse decision.

The question of fact presented for our decision is whether Curran & Treadaway, Inc., made false answers to the interrogatories served upon it on October 21, 1937.

The testimony submitted on the trial of the rule to traverse the garnishee's answers reveals the following facts:

Sometime prior to July, 1937, Philip E. Treadaway was an officer and employee of Curran & Treadaway, Inc., a corporation engaged in the real estate business in the City of New Orleans. On or about the aforesaid date, his connection with that company was severed by mutual consent. At that time, there was apparently a dispute existing between Treadaway and the corporation with respect to the settlement of the former's account for, on October 2, 1937, the company, acting through its President, Mr. B. C. Curran, wrote him the following letter:

"Dear Mr. Treadaway:

"Although your account reflects at this date a debit balance of $328.23, this account will be considered paid in full by the reason of sales passed and not credited to you, on which you have participated in the commissions.

"Therefore, effective this first day of October there shall remain no balance either debit or credit against or in favor of you.

"Yours very truly,
"Curran & Treadaway, Inc.
"(Signed) B. C. Curran"

Later, on October 21, 1937, the corporation was made garnishee in these proceedings and was served with the interrogatories concerning its relationship with Treadaway. On the following day, it filed the answer which is now under attack.

On the trial of the rule, the garnishee admitted that, subsequent to the issuance of the interrogatories and the filing of its answer, it did, during the month of December 1937, reemploy the defendant Treadaway as a real estate salesman. But it proclaims the truth of its answer, maintaining that, at the time it was served with the garnishment, Treadaway was neither in its employ nor was it indebted to him in any sum whatsoever. If this is so, it is not liable to the plaintiff. See Art. 246 of the Code of Practice and Silverman v. Grinnell, 165 La. 587, 115 So. 789.

The plaintiff, in attacking the verity of the answers filed by the garnishee, assumed the burden of proof and, in order for it to succeed, the evidence produced by it must be in conformity with the provisions of Art. 264 of the Code of Practice, which reads as follows:

"Although the answer of the garnishee to the question put to him, be made under

oath, the plaintiff may, nevertheless, show the same to be false, *either by positive written proof, or by the oath of two witnesses worthy of belief,* in the same manner as when interrogatories on facts and articles have been put to a party in a suit; and if it be proved by such evidence that the garnishee has in his hands property or effects belonging to the party against whose property the attachment has been granted, or that he be indebted to him in any amount, such property and effects, as well as such sum as may be due by him, shall be subject to satisfy such judgment as may be rendered against the defendant." (Italics ours)

Plaintiff readily concedes that it has been unable to show that Curran & Treadaway, Inc., was indebted to Treadaway at the time of the service of the garnishment. It contends, however, that it has established, in the manner required by the above quoted article of the Code of Practice, that the garnishee answered falsely when it denied that Treadaway was in its employ at the time of the service of the garnishment.

A perusal of the evidence submitted by both parties on the trial of the rule satisfies us that plaintiff's contention is not well founded. The only evidence tendered by it, in proof of the allegation that Treadaway was in the employ of the garnishee at the time of the service of the garnishment papers, is the uncorroborated statement to that effect of the defendant Treadaway. His testimony is emphatically denied by Mr. B. C. Curran, the President of the defendant in rule. It is true that a Mr. Colbert, testifying for plaintiff, stated that, during the month of November or December 1937, he, as a prospective purchaser of real property, contacted the garnishee through Treadaway, and that the latter was instrumental in bringing about the sale of a particular piece of real estate which had been listed with the garnishee. This witness, however, does not know nor does he pretend to say that Treadaway was in the employ of the garnishee either at the time of the service of the papers or when the answers to the interrogatories were filed.

Mr. Curran, testifying for the garnishee, stated that Treadaway did not reenter the employ of his company until the month of December 1937. We find no reason to disbelieve his statement.

Counsel for plaintiff nevertheless persists that the letter addressed by Mr. Curran to Treadaway dated October 2, 1937, is positive written proof of plaintiff's contention that Treadaway was employed by the garnishee on the date of the service of the garnishment. We not only fail to discern any merit in the postulation but, on the contrary, the letter submitted clearly discloses that Treadaway's connection with the corporation had terminated long before the date it was written. In truth, the instrument supports the verity of the garnishee's answer.

We therefore hold that the plaintiff has utterly failed to maintain its contention that the answers filed by Curran & Treadaway, Inc., are false and that the trial judge committed manifest error in making the rule absolute.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff's rule be and it is dismissed at its cost.

Reversed.