**SISALCORDS DO BRAZIL, LTD.,**
Plaintiff-Appellant,

v.

**FIACAO BRASILEIRA DE SISAL, S. A.,**
Defendant-Appellee.

No. 71-2008.

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1971.

Rehearing and Rehearing En Banc
Denied Dec. 8, 1971.

William A. Porteous, III, New Orleans, La., for plaintiff-appellant.

Harold R. Ainsworth, Jack M. Gordon, Louis B. Claverie, Paul M. Haygood, New Orleans, La., for defendant-appellee.

Before TUTTLE, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from the judgment of the trial court dismissing a complaint based on an attachment seeking to subject the credit allowed in a letter of credit issued by Hibernia National Bank to garnishment.

The letter of credit issued to the Appellee did not create property belonging to it in the hands of the issuing bank. Thus the trial court properly upheld the answer of the garnishee to the effect that it held no property subject to garnishment. The exposition of the facts as contained in the memorandum opinion of the trial court cannot be improved upon. We affirm the judgment on the unpublished opinion of the trial court, which is appended hereto.

The judgment is affirmed.

APPENDIX

BOYLE, District Judge:

The defendant has moved to dismiss the complaint on the ground that the Court lacks jurisdiction. The events relevant to this matter are:

On March 20, 1970, Sisalcords Do Brazil, Ltd., plaintiff herein, petitioned a state court in Louisiana for recognition of a default judgment obtained in a New York State court against Fiacao Brasileria De Sisal, S.A. (FIBRASA), defendant herein. That same day a non-resident writ of attachment was obtained by the plaintiff in order to effect the seizure of defendant's property, naming the Hibernia National Bank in New Orleans, hereafter referred to as Hibernia, garnishee, upon whom garnishment interrogatories were served.

On April 7, 1970, defendant had the suit removed to the United States Dis-

trict Court for the Eastern District of Louisiana. The garnishee, Hibernia, filed answers to plaintiff's garnishment interrogatories on May 4, 1970, stating that it did not have any property, rights or credits belonging to or due defendant, FIBRASA, at the time of service of the interrogatories. However, Hibernia did admit having issued in favor of FIBRASA two letters of credit numbered 24349 and 24381, dated February 9, 1970, and March 6, 1970, respectively. Hibernia also admitted that subsequent to service of the attachment it received three drafts drawn by FIBRASA against letter of credit #24349 payable to Banco Do Brasil, S.A. The proceeds of the drafts were remitted in accordance with the instructions of Banco Do Brasil. Hibernia stated in its answer that these drafts were the property of Banco Do Brasil.

Defendant brought its first motion to dismiss on May 5, 1970, urging that it had no property in the jurisdiction. On July 10, 1970, plaintiff filed an amended and supplemental complaint in which it alleged the same cause of action originally brought against defendant in New York, apparently because the basis of the Louisiana action, the New York judgment, had been vacated in May of 1970. No new garnishment against the Hibernia Bank was sought when the complaint herein was amended to assert a different cause of action.[1] Defendant, FIBRASA, again moved for dismissal for lack of jurisdiction on the grounds that it was not subject to personal service within the jurisdiction nor was proper service made. Plaintiff opposes both motions contending that jurisdiction over defendant was obtained through the non-resident writ of attachment. Plaintiff concedes that if the letters of credit are not property within the meaning of the Louisiana provisions concerning at-

tachment and garnishment, this Court has no jurisdiction. The sole question to be determined is whether said letters of credit are such property. If they are not, there was no attachment through which this Court could obtain jurisdiction. We hold they are not.

According to Article 9 of the Louisiana Code of Civil Procedure, a court has jurisdiction to render a money judgment against a non-resident provided that the action is commenced by an attachment of his property within the state. This article also provides that where the non-resident does not subject himself personally to the jurisdiction, the judgment rendered may be executed only against the property attached. Garnishment under a writ of attachment is governed by the provisions applicable to garnishment under a writ of fieri facias which are found in La.C.C.Pro. Art. 2411 et fol. Property is defined by Article 5251, La.C.C.Pro. as including "all classes of property recognized under the laws of this state: movable or immovable, corporeal or incorporeal."[2]

To determine whether there was property belonging to defendant and whether that property was effectively seized it is necessary to consider the nature of a letter of credit. "A commercial letter of credit is a written instrument, ordinarily issued by a bank, authorizing someone, generally the seller of goods, to draw in accordance with certain terms and stipulating that such bills will be honored." 50 Am.Jur.2d Letters of Credit § 1.

Generally, the terms of the letters of credit are that specified shipping documents and bills of lading accompany the drafts when presented for payment within a specified time period. A letter of credit facilitates commerce in that it enables the buyer to withhold payment

---

1. In view of the result which we reach, we do not consider whether a further garnishment was necessary in order to obtain jurisdiction over the defendant.

2. Comment C under La.Civ.P. Art. 3541 (Grounds for Attachment) states:

The source article [Art. 240 of the Code of Practice] refers to the defendant's "property, rights, or credits." The simple term property is sufficient to include all species of property, and is used throughout this Title.

until the goods are received, allows a bank to lend its credit without actually using its funds and permits the seller to receive his payment upon shipment of the goods. In all, three contracts are involved: the contract of sale between the buyer and the seller, the contract between the bank and the buyer who procures the letter, and the letter of credit between the issuing bank and the seller. 50 Am.Jur.2d, Letters of Credit § 4. Venizelos, S.A. v. Chase Manhattan Bank, 425 F.2d 461 (2d Cir. 1970).

■ Since a bank deals in instruments and not goods, it is not concerned with the contract of sale between the buyer and seller, and undertakes that it will honor drafts drawn and negotiated only in strict compliance with the terms of the letter. Venizelos, S.A. v. Chase Manhattan Bank, supra.

■ In this case, Hibernia issued two letters of credit in favor of defendant, FIBRASA. Letter #24349, dated February 9, 1970, was issued for any sum or sums not exceeding $206,087.00 and contained the expiration date of May 25, 1970; letter #24381, dated March 6, 1970, was issued for any sum or sums not exceeding $42,660.00 and contained an expiration date of May 1, 1970. Both letters stated that any drafts drawn against such letters must be accompanied by certain documents specified

therein and that the drafts would have to be presented prior to the dates on which said letters expired.

On March 20, 1970, the date on which Hibernia was served with the writ and interrogatories, the letters of credit had been issued, but no drafts had been drawn against the letters nor had any shipping documents been received by Hibernia. As of that date, Hibernia had no absolute liability to FIBRASA since liability of the issuer of a letter of credit attaches only upon strict compliance with the terms of the letter before its expiration date. Since the conditions required to be performed for Hibernia to be obligated on the letter of credit had not been performed, Hibernia was not obligated on the letter of credit. Venizelos, S.A. v. Chase Manhattan Bank, supra.

Under Louisiana law the efficacy of an attachment is determined according to the facts existing at the date of the issuance of the writ and, if defective, it is not cured by subsequent events. Anisman v. Nagle, 177 La. 583, 148 So. 885 (1933) and cases cited therein; Forbess v. George Morgan Pontiac Co., 135 So.2d 594 (La.App., 1961). As of the date on which the writ and interrogatories were served, Hibernia had no funds in its possession which belonged to FIBRASA nor did it have an absolute liability to FIBRASA under the letter of credit.[3]

3. The New York case of Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E. 2d 312 (1966), involved the attachment of a contractual obligation. An automobile liability policy was issued in Canada to a Canadian motorist by an insurer doing business in New York. The insured had an accident in Vermont and under the policy the insurer was required to defend in any automobile negligence action. The question in *Seider* was whether the contractual obligation of the liability insurer was a debt owing to the insured which would be subject to attachment and whether jurisdiction was properly acquired by such an attachment. In answering the question in the affirmative the court stated:

The whole question, therefore is whether Hartford's contractual obligation to defendant is a debt or cause of action such

as may be attached. The Hartford policy is in customary form. It requires Hartford, among other things, to defend Lemiux in any automobile negligence action and, if judgment be rendered against Lemiux, to indemnify him therefor. Thus, *as soon as the accident occurred* there was imposed on Hartford a contractual obligation which should be considered a "debt" within the meaning of CPLR 5021 and 6202. (Emphasis added.) 269 N.Y.S.2d at 101, 216 N.E.2d at 314.

Though the policy existed, the contractual obligation which was held subject to attachment did not arise until the accident occurred.

It can be seen by analogy that the contractual obligation of Hibernia, in today's case, did not arise until the drafts and ap-

Louisiana courts have determined that only property held by a garnishee, or debts absolutely due by him, though not exigible, at the moment the interrogatories are served are subject to seizure under a garnishment proceeding. Maduel v. Mousseaux, 29 La.Ann. 228 (1877). Except when provided for by statute contingent liabilities are not subject to garnishment. Simon v. Hulse, 12 La. App. 450, 124 So. 845 (1929); Smith v. Tooke, 10 La.App. 461, 120 So. 651 (1929). The principle enunciated in Coleman v. Fennimore, 16 La.Ann. 253 (1861), is apposite here. There, a garnishee had answered interrogatories, stating that it had no present indebtedness to the defendant, nor any future indebtedness except that contingent on the completion of a contract. This answer had not been traversed; therefore, the attempted garnishment was held not binding on the garnishee. In the present case the plaintiff failed to traverse Hibernia's answers to the garnish interrogatories which are similar to the answers in the *Coleman* case.

In attempting to show that the rights of the defendant to draw against the letters of credit are property rights which could be garnished, counsel for the plaintiff cites some interesting examples. Other than debts owed and unearned wages, clearly subject to garnishment, examples of property such as the right of a student to remain in school and the right of a tenant to public housing are suggested. One would hardly agree that the latter two "property rights" could be garnished under a writ of attachment. It is also noticed that any rights of the plaintiff under the letters of credit no longer exist since both letters of credit have long since expired. Furthermore, both letters of credit had expired prior to the filing of plaintiff's amended and supplemental complaint.

propriate shipping documents had been received. Prior to that time there was no

Where jurisdiction is sought under a non-resident writ of attachment and there no longer exists the seized property on which jurisdiction is based, this court would be called upon to do a useless act. Execution of any judgment in favor of the plaintiff would be limited to the no longer existing property rights and would not personally bind the defendant unless it submits to the jurisdiction, which it has not.

Plaintiff also cites Strawberry Growers' Selling Co. v. Lewellyn, 158 La. 303, 103 So. 823 (1925), for the proposition that credits, such as represented by a letter of credit, are subject to garnishment. But in that case the only property attached, as shown by the answer of the garnishee, were funds of defendant deposited in the garnishee bank. While funds or credits may be attached, the facts of the present case, as revealed by the answers of the garnishee and the letters of credit found in the record, show that there were neither funds nor credits due the defendant as of the date on which the writ of attachment was served.

The Motion will be granted.

(Signed)  EDW. J. BOYLE, SR.
UNITED STATES
DISTRICT JUDGE

New Orleans, Louisiana
March 29, 1971

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

"debt" owning to the defendant by garnishee Hibernia.