## DAVIS & Co. *v.* D. P. BASTOS—J. M. DEL CAMPO, Appellant.

*A notice of seizure under attachment, served on a garnishee who has possession of a bill of exchange belonging to the debtor, and against which a third party has equities, does not destroy those equities. The seizure affects the interest which the defendant has in the bill, and nothing more. The seizing creditor does not acquire such a right in the bill as the debtor might have conveyed to an endorsee for value and without notice.*

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Hunton & Bradford*, for plaintiff. *O. Dufour*, for *Del Campo*, appellant.

SLIDELL, C. J. The bill of *Uhde & Co.* for $5000, accepted by *Cramer & Co.*, was held by *Barrelli*, the garnishee, for account of *Bastos;* and when *Del Campo* caused a notice of seizure to be served upon *Barrelli*, under a writ of attachment against *Bastos*, he may be considered, for the purposes of the present inquiry, as having attached in *Barrelli's* hands the interest of *Bastos* in the bill of exchange, but nothing more. He is not to be considered as thereby acquiring such a right in the bill, as would have been acquired by one who had received it from *Bastos* for value and without notice. But as between *Davis & Co.* and *Bastos*, the former had a right to stop, by their injunction suit, the payment by the acceptor to *Bastos*, to the extent of $1300, to which amount the consideration for which the bill was given to *Bastos* had failed. The evidence clearly proves that *Davis & Co.* got *Uhde & Co.* to give the bill. It was drawn at the instance of *Davis & Co.*, and for their account, and the payee, *Gonzalez*, was the agent of *Bastos*. There was a clear equity in favor of *Davis & Co.* to stop, by injunction, the payment by the acceptors to *Bastos*, to the amount for which the consideration had failed, and this, too, under circumstances of misrepresentation and bad faith. This view renders it unnecessary to consider the technical objections made to the irregularity of *Del Campo's* attachment.

Judgment affirmed, with costs.