Bell v. Short & Co.

## No. 2815.

### CHARLES BELL v. R. H. SHORT & Co. BATTLE, THORN & Co., Garnishees.

Where, on execution being issued in this case, Battle, Thorn & Co. were made garnishees by addressing the citation to said firm and serving the same on H. A. Battle, a member thereof, who answered the interrogatories under oath, but signed the name of the firm to the answers, instead of signing his own;

Held—That the answers were sufficient and that the interrogatories could not be taken for confessed. He answered in the precise name in which he was cited. If the plaintiff wished him to sign his individual name to the sworn papers, the citation should have been addressed in that name.

The answers were under oath, and could, if untrue, subject the garnishee, H. A. Battle, to a prosecution for perjury. This is the test.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Given Campbell*, for plaintiff and appellee. *J. M. Coon* and *Semmes & Mott*, for R. H. Short, appellant. *E. Woolridge*, for Battle, Thorn & Co., appellants.

TALIAFERRO, J. In the case of Charles Bell *v.* R. H. Short & Co., just decided on appeal, the plaintiff having judgment in his favor in the court below, issued execution and caused garnishment process to issue against the garnishees in this case.

Their answers being made to the interrogatories propounded to them, a rule was taken by the plaintiff against them to show cause why the interrogatories should not be taken *pro confesso*. The rule being made absolute the garnishees appealed.

We think the court erred. The answers are concise but clear and explicit; and we think fully responsive to the interrogatories.

It is therefore ordered and adjudged that the judgment of the district court be annulled, avoided and reversed. It is further ordered that judgment be and is hereby rendered in favor of the garnishees, the plaintiff and appellee paying costs in both courts.

---

### ON APPLICATION FOR A REHEARING.

WYLY, J. The plaintiff having judgment against the defendants for $1048 46, issued execution and made Battle, Thorn & Co. garnishees by addressing the citation to said firm and serving the same on H. A. Battle, a member thereof, who answered the interrogatories under oath, but signed the name of the firm to the answers, instead of signing his own.

On motion the answers were decreed insufficient and the interrogatories taken for confessed.

From this judgment the garnishees appeal.

We think the court erred. The answers are clearly responsive to the interrogatories. As to the objection that H. A. Battle signed the

firm name to his sworn answers instead of his individual name, we think that is no reason why his answers should be rejected and the interrogatories be taken for confessed.

He answered in the precise name in which he was cited to answer the interrogatories. If plaintiff wished him to sign his individual name to the sworn answers the citation should have been addressed in that name.

But after all the test is, were the answers under oath; and would they, if untrue, subject the garnishee, H. A. Battle, to a prosecution for perjury? In our opinion they would.

It is therefore ordered that the judgment heretofore rendered by this court remain undisturbed.

Rehearing refused.