FELT AND TARRANT MFG. COMPANY v. SINCLAIR AGENCY, INC.

———

(April 26, 1926, Opinion and Decree)

———

*(Syllabus by the Court.)*

1. **Louisiana    Digest—Garnishment — Par. 39.**

Citation in garnishment proceedings must be made in strict compliance with law. A service upon a foreign corporation through an employee not shown to be its designated agent for the service of process and no proof having been made of the absence of such designated agent and no application having been made to the court for service in "some other form" as provided by Section 11 of Act 179 of 1918, is invalid

and a judgment based upon such citation is null.

Appeal from First City Court, Division "A", Hon. W. A. Bahns, Judge.

Action by Felt and Tarrant Mfg. Company against Sinclair Agency, et al. Judgment for plaintiff and defendant appealed.

Judgment reversed.

Arthur Ryan, of New Orleans, attorney for plaintiff, appellee.

L. M. Janin, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is an action to annul a judgment pro confesso against a garnishee upon the ground of want of citation. . The Sinclair Agency Inc., defendant herein, obtained a judgment against one Arthur L. Jones, an employee of the Felt and Tarrant Mfg. Company, plaintiff herein. Thereafter a fi. fa. was issued and garnishment process served upon the plaintiff company through "Arthur L. Jones its sole agent in person". No answer to the garnishment was made and in due course a judgment *pro confesso* was entered against the present plaintiff.

This judgment is attacked here upon the ground that plaintiff was not legally cited.

There was judgment for defendant and plaintiff has appealed.

Plaintiff is a foreign corporation and at the time of the garnishment proceedings maintained an office in this city, which was in charge of Arthur L. Jones, the judgment debtor of defendant.

The record shows that Jones was largely indebted to the plaintiff corporation and was discharged a short while before the service of interrogatories upon him under the garnishment. Much space in the record is devoted to the establishment of this fact and much time was consumed in argument discussing the effect of this discharge in view of the fact that Jones' name still appeared upon the office door of plaintiff as its sales manager and he continued to frequent the office of plaintiff where he was found and served by the sheriff.

In our opinion it is immaterial whether Jones was, or was not, an employee· of the plaintiff company when served with the garnishment. Nor does it matter whether Mr. O. L. Clark, an officer of the plaintiff company, who was sent from Chicago to clear up the confusion in the plaintiff's local office caused by the discharge of Jones, knew that his company had been garnished for a debt of Jones a statement affirmed and denied by the witnesses in this case. The legal requisites for valid *citation, particularly in a garnishment, must be observed.*

Presumptions and conjectures have no place in this discussion. We are dealing with the "holy of holies" of the law of procedure, the basis of all judgments, the *sine qua non.* The principle was first announced in the first judgment ever rendered, by the greatest of judges, the Lord God of Hosts, who before the trial of our first parents and as an essential preliminary to the judgment announcing the guilt of Adam, and, decreeing the fall of man, issued citation—for it is written "and the Lord God called unto Adam and said unto him where are thou". From that day to this no system of law has failed to recognize the sacredness of this principle.

The law is found in Act 179 of 1918. Under Section 6 (a) and (b) of this act "service of all legal process on any foreign corporation" is made, first upon its designated agent for the service of process and, if the agent can not be found, upon "any· regularly employed agent or employee of the corporation, over eighteen years old, in any office which the corporation may have established and maintains in this State".

Under Section 11 of this act garnishment process must be served upon a foreign corporation through its designated agent and if the agent can not be found "in the office thereof or elsewhere in the parish" upon application and proof to the court to that effect then "the court may order garnishment process served in some other form".

It will be observed that under Section 6 in the absence of the designated agent all legal process on any foreign corporation may be served upon "any regularly employed agent or employee, etc." While under Sec. 11 proof must be made of the absence of the designated agent and application to the court which "may order process served in some other form."

Whatever conflict exists between the two sections and however the absence of the designated agent must appear before service on an employee can be made under Section 6 we are not called upon to discuss because insofar as garnishment process is concerned its service is prescribed in Section 11 and under that section proof must be administered of the absence of the designated agent and application to the court for service in "some other form".

In the case at bar there is no proof whatever that Jones was the designated

agent or that the designated agent was absent. As a matter of fact no allegation and no proof that the Felt and Tarrant Mfg. Company had designated an agent for the service of process at all. Nor was any application made to the Court for service "in some other form".

Our conclusions are that no valid service of the garnishment proceedings was made and that the judgment *pro confesso* based thereon is absolutely void.

It is ordered, adjudged and decreed that the judgment appealed from be reversed and that there now be judgment in favor of plaintiff the Felt and Tarrant Mfg. Company, and accordingly that the judgment rendered in the matter of Sinclair Agency Inc., vs. Arthur L. Jones, No. 125,504 of the docket of the First City Court on the —— day of ————, 192—, condemning the Felt and Tarrant Mfg. Company to pay to the Sinclair Agency Inc., the sum of $100.00 with legal interest from March 12, 1924, and 25% attorney's fees on principal and interest be and it is hereby annulled at the cost of defendants herein.