WAGNER v. TARRANT AND MARINE BANK & TRUST CO. (Garnishee)

(November 18, 1929. Opinion and Decree.)

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellee.

Terriberry, Young, Rault & Carroll, of New Orleans, attorneys for garnishee, appellant.

JANVIER, J. Plaintiff obtained a judgment against defendant Tarrant for an amount in excess of $800. Being unable to collect this judgment directly, plaintiff caused garnishment proceedings to issue against various banks in New Orleans, including the Marine Bank and Trust Company. The interrogatories propounded required the garnishee to state whether it had in its possession any property or funds belonging to Robert Hayne Tarrant. To all of the interrogatories the garnishee answered "no."

To a rule to traverse, the garnishee filed an answer in which it admitted that there was on its books an account in the name of "R. H. Tarrant, Agent" and that there was to the credit of this account at the time of the service of the garnishment, $106.24.

Mr. A. J. Crozat, assistant cashier of the garnishee, was placed on the stand and he testified that the account on the books of the garnishee stood in the name of "Robert H. Tarrant, Agent," and that he knew that the Robert H. Tarrant, Agent, was the same Robert Hayne Tarrant against whom judgment had been rendered.

The trial court held that the garnishee had not made a full and complete disclosure and that as a result it became liable to plaintiff in the sum of $106.24. The garnishee contends that its obligation to answer the interrogatories was fully complied with in that the interrogatories stated that the defendant was Robert Hayne Tarrant, whereas in truth and in fact the account stood on garnishee's books as Robert H. Tarrant, Agent. It will be noted that there are two differences between the account, as it stood on the books of the bank and the name of the defendant as it appeared in the interrogatories. In the first place, the middle initial was used on the books of the bank, whereas the middle name was given in full in the interrogatories. In the second place the word "agent" appeared on the books of the bank, whereas no descriptive title was given in the interrogatories.

Interrogatory No. 1, reads as follows:

"Had you in your hands, or under your control, directly or indirectly, at the time of service of these interrogatories, or at any time since, any money, rights, credits, or other property whatsoever, belonging or due to the said defendant, in or in which he has or had any interest for the whole or for a part; and if yes what is the nature, description and amount thereof, and is the same sufficient to pay or to satisfy the full amount of said judgment or if less, to what amount? * * * you being asked and required to make a full disclosure in relation to the same."

Article 262 of the Code of Practice provides:

"The garnishee, who has been cited in a suit, must put in his answer within the usual delay, declaring in the same, fairly and truly, what property belonging to the defendant he has in his possession,

by whatever title he may possess the same, as well as what sums he may owe to such defendant."

The garnishee contends that the case of Edward Thompson Company vs. Durand, 124 La. 381, is authority for the position assumed by it here. In that case the account stood in the name of "Louisiana Auto Club, W. J. Durand, President." The Supreme Court held that the garnishee, which denied that it had on its books anything due to W. J. Durand, had discharged its full duty in making such answer. We do not believe that that case authorizes us to hold that the bank here has done its full duty. We believe that the word "agent" without the disclosure of any principal did not relieve the garnishee of the duty of disclosing the fact that Robert Hayne Tarrant had, to its knowledge, an account on its books in the name of Robert H. Tarrant, Agent.

It is contended that under Article 264 of the Code of Practice plaintiff cannot recover against the garnishee because there was not offered in evidence either written proof of the falsity of the answers nor oath of two witnesses. We do not think that this article of the Code of Practice is applicable here, because here the garnishee itself admitted that it had such an account and no question of fact is presented for determination. The article of the Code of Practice referred to is applicable only when a question of fact is in dispute and merely fixes the amount of proof necessary to determine such dispute. The facts are all admitted and, for the reasons we have given, we think the law is against the garnishee.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed.