HOOD, Judge.
Plaintiffs, J. H. Walker, Jr., and Thelma C. Walker, as judgment creditors of Roy E. Townsend, instituted garnishment proceedings against “Danny Bradley and/or Danny Bradley doing business as Arthur Murray School of Dance.” Citation was issued and interrogatories were propounded to the garnishee as he was named in the petition. In his answer to the interrogatories the garnishee stated that “Danny Bradley” is his professional name and not his legal name. He further stated that he was not doing business as Arthur Murray School of Dance, that he was not the employer of Townsend, that he was not personally indebted to Townsend, and that he did not have any effects or assets of said defendant. The garnishee then stated in his answer that “inasmuch as he is not the employer as such, personally, of defendant Townsend,” the interrogatories must be answered in the negative. The affidavit attached to the answer was signed “Danny Bradley,” being the name by which the garnishee was cited and served.
Plaintiff then filed a rule to traverse the answers of the garnishee on the grounds that the answers were false and evasive and did not make a full disclosure as required by law. On the trial of this rule, the garnishee stated that his legal name is “Danny Brooks McElveen,” and that “Danny Bradley” is his professional name. He further testified that he was not doing business as Arthur Murray School of Dance, but that he is and has been the president and general manager of a Louisiana corporation bearing the name “Arthur Murray School of Dancing of Alexandria, Louisiana, Inc.,” and that defendant Townsend was an employee of the corporation at the time the answers to the interrogatories were filed. He further testified that he personally holds the franchise from the Arthur Murray Studios in New York, which franchise is necessary for the use of the name “Arthur Murray” in connection with the business conducted in Alexandria, Louisiana, but that the business was operated by the corporation during the entire time Tpwnsend was employed.
Mr. J. Lee Moak, who operates a bookkeeping and tax service and keeps the accounts of the Arthur Murray School of Dancing of Alexandria, Louisiana, Inc., testified that the corporation runs the business and pays all employees, that Townsend is and was an employee of the corporation, that he has been paid by check from the corporation every week, that the garnishee is the owner of seven or eight of the twelve shares of stock in that corporation, and that two other persons own the remaining shares of stock. The evidence shows that all payments on the franchise are made by the corporation, although, as previously stated, the franchise actually belongs to Bradley (or McElveen), the garnishee herein.
The trial judge concluded originally that the answers filed by the garnishee were evasive and insufficient, and that judgment should be rendered in favor of plaintiffs condemning the garnishee to pay to plaintiffs a portion of Townsend’s wages, as provided in Article 644 of the Code of Practice. In response to an application for rehearing filed by 'the garnishee, however, the trial judge recalled and set aside its former ruling, and thereupon rendered judgment in favor of the garnishee and against plaintiffs, rejecting the demands of said plaintiffs as against the garnishee at their costs. From this judgment plaintiffs have appealed.
Plaintiffs contend that in rendering judgment rejecting their demands against the garnishee the trial judge erred (1) in holding that the garnishee was not the employer of Townsend, (2) in holding that the answer filed by the garnishee was a sufficient compliance with the law, since the answer was false and evasive and the garnishee did not make a full disclosure of the facts relating to Townsend’s employment, and (3) in holding that the answer to the interrogatories propounded to the garnishee was properly verified, although the garnishee signed his professional name rather *226 than his legal name to the affidavit affixed to such answer.
The only witnesses who testified were the garnishee, Bradley, and the bookkeeper or accountant for the corporation, Mr. Moak, both of whom testified that the dancing school was operated by the corporation, that Townsend was an employee of and was paid by the corporation, and that Bradley did not own or operate the business and did not employ Townsend. The evidence establishes that payments by the corporation of salaries, ultilities and rent are made by check, on each of which checks is imprinted the name “Arthur Murray School of Dancing of Alexandria, La., Inc.” Although Bradley is the principal stockholder in the corporation, the evidence shows that he does not own all of the stock, and there is nothing in the record which would justify a conclusion that the corporation was wholly owned by Bradley or that it was an “alter ego” for the garnishee.
The trial judge concluded that Townsend was an employee of the corporation, and that he was not employed by Bradley (or McElveen). In our opinion the evidence supports that conclusion.
The contention of plaintiffs that they are entitled to judgment against the garnishee for the full amount claimed, on the ground that the answers filed by the garnishee to the interrogatories were evasive and did not make a full disclosure of the facts, is based on the provisions of Articles 262 and 263 of the Code of Practice, and the decisions rendered in Wagner v. Tarrant, 1929, 11 La.App. 610, 124 So. 614; Swift & Co. v. Centerville Co., 1926, 161 La. 183, 108 So. 408, and Rea v. Dow Motor Company, La.App.1948, 36 So.2d 750.
The articles of the Code of Practice on which plaintiffs rely provide:
“262. Answer of garnishee — Answers to interrogatories. — The garnishee who has been cited in a suit, must put in his answer within the usual delay, declaring in the same, fairly and truly, what property belonging to the defendant he has in his possession, by whatever title he may possess the same, as well as what sums he may owe to such defendant, whether the same be due or not yet due, and if interrogated on facts and articles, he must answer under oath, clearly and categorically, each question put to him touching such matter.”
“263. Failure to answer interrogatories — Effect.—If the garnishee, to whom interrogatories have been put, refuse or neglect to answer the same under oath in the delay of the law, such refusal or neglect shall be considered as a confession of his having in his hands property belonging to the debtor, sufficient to satisfy the demand made against such debtor, and judgment shall be rendered against him for the amount claimed by the defendant, with interest and costs.”
In Wagner v. Tarrant, supra, garnishment proceedings were instituted against the Warren Bank and Trust Co. The bank answered that it had no funds belonging to the judgment debtor, Robert Hayne Tar-rant. On a rule to traverse, however, it admitted that it had funds deposited to the account of “Robert H. Tarrant, agent.” The Orleans Court of Appeal held that the funds in that account belonged to the judgment debtor and that the garnishee had failed to make a full disclosure. Accordingly, it affirmed the judgment of the lower court condemning the garnishee to pay to plaintiff the amount of the funds in that account, those funds being substantially less than the amount of the judgment. We do not consider Wagner v. Tarrant to be applicable here, because in that case, unlike the facts in the instant suit, the garnishee was properly named and cited, and the court determined that the garnishee did have funds in its possession belonging to the judgment debtor. Also, it is obvious that the court did not consider the incorrect answer of the garnishee as a confession under the provisions of C.P. Art. 263, since judgment *227 was rendered for only the amount which the garnishee admitted having, rather than for the full amount claimed.
In Swift & Co. v. Centerville Co., supra, the question presented was: Can officers of a corporation, in possession of corporate property, in their capacity as officers of the corporation, be garnisheed quoad such property by a judgment creditor of the corporation ? The Supreme Court held that they were not subject to garnishment proceedings under Articles 242 and 642 of the Code of Practice. That case is inapposite to the instant suit, because here plaintiff is not a creditor of the corporation, and it was not shown that the garnishee Bradley had in his possession any property of the corporation.
In Rea v. Dow Motor Co., supra, the Court of Appeal, Second Circuit, insofar as the case is applicable here, merely held that the adoption of a trade name by one engaged in business is lawful, except where it is done to cover up fraud or other illegal practices, and that a person may be sued and a valid judgment may be obtained against him in his trade name. Applying that principle to the present case, we have no hesitancy in holding that if there should be any liability on the part of Bradley here, a valid judgment could be rendered against him even though he was cited and served by his “professional” name, and he used that name in verifying his answers to the interrogatories.
There is a well established principle of law that a creditor acquires no greater right against the garnishee than his judgment debtor would have had if he had sought recovery directly. Maybeno v. Battaglia et al., La.App.1946, 26 So.2d 315; Oakey v. Mississippi & Alabama Railroad Co., 1839, 13 La. 567; Davis & Co. v. Bastos, 1854, 9 La.Ann. 359; Silverman v. Grinnell, 1928, 165 La. 587, 115 So. 789; Dyer v. Dodge, 1931, 15 La.App. 677, 131 So. 740; 38 C.J.S. Garnishment § 178, p. 396. Also, a garnishee can be held liable only in the capacity in which he is cited and served. 38 C.J.S. Garnishment §§ 152, 178, pp. 370, 396-397; Bell v. R. H. Short & Co., 25 La.Ann. 312; Zenero and Zenero v. Pressey, 1924, 1 La.App. 347; Felt & Tarrant Mfg. Co. v. Sinclair Agency, 1926, 4 La.App. 121.
In this case plaintiffs have no greater right to recover from Bradley than Townsend would have had, if he had sought to recover directly. Townsend was not employed by Bradley so he would have had no right to enforce a claim against Bradley. Since plaintiffs have no greater right to recover from the garnishee than Townsend had, we conclude that plaintiffs cannot recover from Bradley.
On the ground that the affidavit annexed to the answer filed by the garnishee was not signed with the legal name of the respondent, plaintiffs contend that his answer should be disallowed and that judgment should be rendered in favor of plaintiffs for the full amount of the claim under C.P. Art. 263. As has already been pointed out, the garnishee signed the affidavit “Danny Bradley,” but in the answer he specifically stated that this was his professional name and not his legal name.
In Bell v. R. H. Short & Co., supra, the firm of Battle, Thorn and Co. was made garnishee. Citation was issued and served on H. A. Battle, a member of that firm, who answered under oath but signed the firm name instead of his own. The Supreme Court said:
“ * * * The answers are clearly responsive to the interrogatories. As to the objection that H. A. Battle signed the firm name to his sworn answers instead of his individual name, we think that is no reason why his answers should be rejected and the interrogatories be taken for confessed.
“He answered in the precise name in which he was cited to answer the interrogatories. If plaintiff wished him to sign his individual name to the sworn answers the citation should have been addressed in that name.
*228 “But after all the test is, were the answers under oath; and would they, if untrue, subject the garnishee, H. A. Battle, to a prosecution for perjury? In our opinion they would.”
In Rea v. Dow Motor Co., supra, [36 So.2d 756] the Second Circuit Court of Appeal, in addition to holding that a person may sue or be sued under a trade name, also said:
“It is our view of the applicable law that any service of process adequate to bring the Dow Motor Company into Court and confer jurisdiction ratione personae upon it, has like effect as to Dow, since he and the trade name, so as concerns this suit, are identical. Evidently Dow had knowledge ©f the filing of the suit and of the service of process on the Secretary of State, because able counsel was promptly employed and that counsel unreservedly came into court and answered the petition in the trade name. Such an appearance being general, waived every legal objection to the validity of citation and service and to the jurisdiction of the court not only as to the trade name but also to Dow. Article 93 of the Code of Practice. Stanley v. Jones, 197 La. 627, 2 So.2d 45.”
 We can find no legal objection to the manner in which the affidavit to the garnishee’s answer was signed in this case. By signing his professional or trade name to the affidavit, the garnishee waived every legal objection he may have had to the validity of citation and service and to the jurisdiction of the court, and he subjected himself to any judgment which properly might be rendered against him in this proceeding. Bell v. R. H. Short & Co., supra; Rea v. Dow Motor Co., supra; Code of Practice, Art. 93.
After reviewing all of the evidence, we are convinced that the trial judge was correct in holding that the garnishee was not the employer of the judgment debtor, Townsend, and that the answers filed by the garnishee are true and adequate. In our opinion, the judgment of the trial court rejecting plaintiffs’ demands as against the garnishee is correct.
For the reasons herein set out, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by appellants.
Affirmed.