No. 2975

Second Circuit

---

BIRD v. DAWKINS

---

(May 13, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Attachment—Par. 20, 24.**

What a person did five months ago is not an index of what he is now about to do; therefore, a paper title from a husband to his wife of a portion of his real estate recorded practically five months before issuance of a writ of attachment does not furnish ground for issuance of the writ, for the reason that it is too remote to show present intention and, under Article 2446 of the Civil Code, produced no legal effects.

An attachment must be based on what a person has presently actually done or is presently about to do.
Code of Practice, Article 240.
Blanchard vs. Grousset, 1 La. Ann. 98.

2. **Louisiana Digest—Attachment—Par. 18, 20, 24.**

To sustain an attachment on the ground of fraudulent intent, such intent must exist at the time the attachment is issued. Appearances of such intent are not sufficient to sustain the issuance of the writ.
Hernsheim vs. Levy, 32 La. Ann. 241.
Abney, Love & Co. vs. Whitted, 28 La. Ann. 819.

Appeal from the Third Judicial District Court of Louisiana, Parish of Union. Hon. S. D. Pearce, Judge.

Action by Charley B. Bird against Ollie Dawkins.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

H. E. Dawkins, of Farmerville, attorney for plaintiff, appellant.

S. L. Digby, of Farmerville, attorney for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J. This is a suit to recover judgment on a promissory note and an open account, coupled with a writ of attachment based on the ground that the defendant had disposed of, or was about to dispose of, his property, or some part thereof, with intent to defraud his creditors.

Defendant moved to dissolve the attachment on the ground that the affidavit on which it was based was untrue. The motion was tried and sustained with $25.00 damages. On trial of the merits there was

judgment in favor of the plaintiff for the amount sued for.

The plaintiff has appealed from the judgment dissolving the attachment. The defendant has not appealed.

## OPINION

Plaintiff obtained judgment for the amount sued for, but the writ of attachment sued out was dissolved with $25.00 damages. Plaintiff does not complain of the amount of damages allowed but does complain of the dissolution of the attachment. So the only question before the court for decision is, was the writ of attachment properly dissolved.

Plaintiff urges no grounds for sustaining the attachment other than that defendant had repeatedly promised to pay him and failed to do so and that he had made a sale of 135 acres of land to his wife.

The sale in question was by authentic act before B. K. Watson, Notary Public, on November 24, 1925, for a purported consideration of $600.00 cash. It was duly recorded on November 25, 1925. This suit was not filed until April 22, 1926, or practically five months after the purported sale.

This transfer from the defendant to his wife did not justify the issuance of the writ of attachment for the reason that it was too remote to show present intention on his part, and besides, under Article 2446 of the Civil Code, it produced no legal effects.

Besides this, defendant had repeatedly promised to pay plaintiff and had partly secured the payment of his indebtedness to plaintiff by giving him a mortgage on three head of livestock.

From all the evidence we are convinced that the judgment of the trial court is correct and accordingly it is affirmed.