No. 3055
Second Circuit

GENERAL MOTORS ACCEPTANCE CORP.
v. SNEED ET AL.

No. 3166-A
GENERAL MOTORS ACCEPTANCE CORP.
v. RICHARDS ET AL.

No. 3166-B
GENERAL MOTORS ACCEPTANCE CORP.
v. DOTY ET AL.

No. 3166-C
GENERAL MOTORS ACCEPTANCE CORP.
v. LESTER ET AL.

No. 3166-D
GENERAL MOTORS ACCEPTANCE CORP.
v. WILLIAMSON ET AL.

No. 3166-E
GENERAL MOTORS ACCEPTANCE CORP.
v. WASHINGTON ET AL.

No. 3166-F
GENERAL MOTORS ACCEPTANCE CORP.
v. PETERSON ET AL.

No. 3166-G
GENERAL MOTORS ACCEPTANCE CORP.
v. GOODWIN ET AL.

No. 3166-H
GENERAL MOTORS ACCEPTANCE CORP.
v. ALBRIGHT ET AL.

(March 14, 1928.   Opinion and Decree.)
(June 28, 1928.   Rehearing Refused.)
(January 29, 1929.   Judgment of Court of
Appeal amended by Supreme Court.)

L. K. Watkins, of Minden, attorney for plaintiff, appellant.

L. K. Watkins and A. S. Drew, of Minden, attorneys for defendants, appellees.

## STATEMENT OF THE CASE.

REYNOLDS, J. In each of these nine cases plaintiff, General Motors Acceptance Corporation, seeks judgment against defendant J. L. Longino and his co-defendants, in solido, on a promissory note, and for the foreclosure of a mortgage on an automobile, given by one of them in each case, to secure the payment of the note, and, on making affidavit and giving bond in each case, as required by law, it obtained the issuance in each case of a writ of sequestration for the mortgaged automobile and a writ of attachment against the property of the defendant J. L. Longino.

Under the writs of sequestration, the sheriff seized the automobile in each case, and under the writs of attachment, he seized, in each case, all of the property of the defendant J. L. Longino.

In each case, all of the defendants answered, denying liability, and denying the existence of the grounds alleged by plaintiff to procure the issuance of the writs, and moved to dissolve the writs of sequestration as having been improvidently issued, and defendant J. L. Longino moved to dissolve the writs of attachment as having been illegally issued and reconvened against plaintiff for damages in the sum of $65,000.00, as for illegal attachment, itemized as follows: humiliation, mortification and loss of social standing, $20,000.00; injury to credit and financial standing, $10,000.00; loss of use of money while under seizure, $10,000.00; loss of anticipated profits on farming operations for the year, 1927 by reason of land, work-stock and farming implements being seized, $5,000.00; loss of profit on a sale of land in course being closed and prevented by seizure of the land, $5,000.00; and fees of attorneys employed to procure the dissolution of the writs, $1,500.00.

For the purposes of trial of the motions to dissolve the writs, all nine cases were consolidated, and a trial was had and judgment rendered overruling the motion to dissolve the writs of sequestration and sustaining them, and dissolving the writs of attachment and awarding defendant, J. L. Longino, judgment against plaintiff, General Motors Acceptance Corporation, on his reconventional demand, in the sum of $1,500.00, as for illegal attachment, the damages being itemized as follows: for humiliation, mortification and loss of social standing, $100.00; for injury to credit and financial standing, $500.00; for loss of profits on farming operations for the year 1927, $250.00; for loss of profits on sale of land, $250.00; and for attorney's fees, $400.00.

Plaintiff, General Motors Acceptance Corporation, appealed, and defendant J. L. Longino has answered the appeal, praying that the judgment appealed from be amended by dissolving the writs of sequestration and increasing the damages awarded him to $65,000.00.

## OPINION.

Defendant, J. L. Longino, based his motions to dissolve the writs of attachment on five grounds, namely:

1. That the writs issued prematurely.

2. That the affidavits and bonds were insufficient.

3. That the debts sued on were not certain or definitely fixed.

4. That the debts sued on had been extinguished by confusion, or, in the alternative, they were secured by mortgage.

5. That the allegations of plaintiff's petitions to procure the issuance of the writs were false and untrue.

It will not be necessary for us to consider the first four grounds as we find the fifth ground amply sustained by the evidence.

The learned judge *ad hoc* in the trial court rendered a carefully prepared and well considered written opinion, holding that there existed "no basis for the issuance of the writs of attachment", and after carefully reading the records we have reached the same conclusion.

On October 6, 1926, judgment was rendered against defendant, J. L. Longino, and in favor of his mother, Mrs. C. W. Longino, on his confession, in the sum of $10,000.00, with 8% per annum interest thereon from September 1, 1926, until paid, and 10% additional, on the amount of principal and interest, as attorney's fees.

This act of defendant, J. L. Longino, is principally relied on by plaintiff as justifying the issuance of the writs of attachment. It does not justify them. The suits were not instituted by plaintiff until February 26, 1927, almost five months after the date of the judgment by confession. The act complained of happened too long before the writs were issued to support them.

"What a person did five months ago is not an index of what he is now about to do; therefore a paper title from a husband to his wife of a portion of his real estate recorded practically five months before the issuance of the writ of attachment does not furnish ground for issuance of the writ, for the reason that it is too remote to show a present intention * * * An attachment must be based on what a person has presently actually done or is presently about to do."

Bird vs. Dawkins, 6 La. App. 244.

Another act of defendant, J. L. Longino, relied on by plaintiff as justifying the issuance of the writs of attachment, is a conversation had by him with plaintiff's counsel wherein he is said to have declared that his check for as little as $5.00 would not be cashed by the bank, and that if plaintiff sued him he would file a petition in bankruptcy.

Insolvency of a debtor is not ground for attachment; neither would the filing by him of a petition in bankruptcy be ground for attachment.

The evidence satisfies us that the defendant, J. L. Longino, was honestly endeavoring to pay his debts and not seeking to defraud his creditors, and we think he would have succeeded in paying his debts had it not been for the harsh writ of attachment, harshly applied in this case, though without malice.

The trial court sustained the issuance of the writs of sequestration on the authority of the case of Ralston vs. British A. & M. Co., 38 Ann. 593, but it is not an authority here. There the court refused to dissolve the writ because the property did not belong to the mover but to her husband and therefore she was without interest to sustain the motion to dissolve. Here, the property sequestered was in the possession of the plaintiff and defendants were not about to mortgage, part with, conceal or dispose of the automobiles and they were without power to do so had they so desired. The other defendants have not appealed from the judgment refusing to dissolve the writs of sequestration nor have they answered the plaintiff's appeal but defendant J. L. Longino has answered the plaintiff's appeal and asked that the writs be dissolved and as he was made a party defendant to the writs he is entitled to have them dissolved insofar as he is concerned at plaintiff's cost.

This brings us to the question of the amount of damages awarded on dissolution of the writs.

The allowance of $100.00 for humiliation, mortification and injury to social standing, is justified by the cases of Byrne vs. Gardner, 33 La. Ann. 6, and Hathaway vs. Winn, 4 La. App. 588. The amount allowed on this score seems to us small, but the authorities hold that much deference should be shown to the judgment of the trial court in such matters, and we shall not disturb this item of award.

The court allowed $500.00 for injury to credit and financial standing, $250.00 for loss of profits on farming operations, and $250.00 for loss of profits on the sale of land. The trial court carefully analyzed the evidence as to each of these items and so have we, and we find no sufficient reason for altering his award.

The remaining item of damage claimed is attorney's fees. The claim is for $1500.00 for services rendered in obtaining the dissolution of the writs in the nine cases. Several attorneys rendered services to defendant J. L. Longino in that connection. We think the award of $400.00 insufficient.

W. D. Stewart, a practicing attorney at the Minden bar, testified that a fee of from $100.00 to $150.00 in each of the nine cases would be just. Mr. Stewart was plaintiff's witness, and defendant is probably entitled to the lowest estimate fixed by him as a reasonable attorney's fee.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be amended, and that the writs of sequestration in all nine cases be dissolved, quo ad defendant J. L. Longino, and that the allowance for attorney's fees be increased from four hundred dollars to nine hundred dollars, and that as thus amended the judgment appealed from be affirmed.