47 So.2d 359 (1950)
UNIVERSAL C. I. T. CREDIT CORPORATION (ST. DENIS SECURITIES CO., Inc., Intervenor)
v.
JONES.
No. 7534.
Court of Appeal of Louisiana, Second Circuit.
June 29, 1950.
*360 Morgan, Baker & Skeels, Shreveport, for appellants.
James W. Jones, Jr., Natchitoches, for appellee.
TALIAFERRO, Judge.
Plaintiff, as owner and holder of a mortgage and vendor's lien note against a 1948 model Hudson Sedan of the defendant, instituted this in rem foreclosure action in the First Judicial District Court of Caddo Parish, Louisiana, where the car was then being kept by the defendant, who, at the time was a student in Centenary College.
The automobile was purchased on December 22, 1948, by the defendant from M. I. Davis Company, Inc., for the price of $3,131.60, including carrying charges, on which a payment of $1,854.50 (including trade-in value of another car) was made. The balance of the price, to-wit: $1,277.10, was payable in eighteen (18) monthly installments *361 of $70.95 each, the first being due on February first.
On January 4th defendant paid on the note $247.04, which extinguished the installments due in February, March, April and half of that for May, and on March 24th he paid additionally $178.26, which covered the balance of installment due May 1st and others to August 1st.
The balance due on the note, as alleged in the petition, is $498.25. It is also alleged that all installments due on the note have been paid excepting that which fell due on January 1, 1950, and a balance of $1.60 due on December installment. Availing itself of the accelerating clause of the act of mortgage, securing payment of the note, plaintiff declared the entire balance thereon exigible.
The car was seized under writ of sequestration by the sheriff at the defendant's apartment in the City of Shreveport. Defendant is a resident of the Parish of Natchitoches. He first filed plea to the Court's jurisdiction, ratione personae and ratione materiae. No action was had on the plea.
Answering, he challenged the right of plaintiff to file this suit and sequester the car and to avail itself of the accelerating clause on the ground and for the reason that when the suit was filed (January 13, 1950) there was not then due any part of said note, and especially pleads payment in their entirety of the installments due December 1st and January 1st.
By demand, in its nature reconventional, defendant prayed that the writ of sequestration be dissolved with damages in these respects, to-wit; and that the suit be dismissed:

1. Attorney's fee for services in
 dissolving the writ of sequestration.
 ........................................ $100.00
2. Actual expenses incurred in
 defending the suit, etc. ............... 50.00
3. For injury and damage to car
 while under seizure to time of
 trial, etc. ............................. 100.00
4. For actual punitive and exemplary
 damages. ................................ 100.00
5. $5.00 per day for each day he is
 deprived of the "use and possession
 of said Hudson automobile ......................"

Included in item Four (4) is a demand for damages for annoyance, embarrassment and humiliation because of the illegal seizure of the car and being deprived of the comfort and pleasure that are incidents of its use and possession.
No exception nor objection was made by the plaintiff to the mode and method adopted by the defendant to present to the Court the several claims of damages.
The appropriate procedure in a case of this kind is to tender a motion to dissolve, try it independent of and prior to answering to the merits; and if the motion is sustained, incorporate claim or claims for damages in a reconventional demand. Of course, as was done in this case, if the claims for damages are irregularly tendered and not objected to by the opposite side, they will be considered and adjudged. See: Willis v. Mills Tooke Properties, Inc., La.App., 42 So.2d 548, 552 et seq. and cases therein cited.
Prior to trial the St. Denis Securities Company, Inc., filed intervention and third opposition to plaintiff's suit and demand. Its action is predicated upon a chattel mortgage on the Hudson car, dated January 10, 1950, to secure defendant's note for $1,800.00 due one day after date. The prayer of the intervenor and third opponent is that should plaintiff prevail in its foreclosure herein and the car be sold by the sheriff to pay the mortgage debt foreclosed upon, that it, the intervenor and third opponent, be paid by preference and priority over plaintiff and any and all other creditors from the proceeds of such a sale.
There was judgment in defendant's favor dissolving the writ of sequestration and rejecting the demand. Defendant was awarded damages in the sum of $200. The demand of the intervenor was rejected also. Plaintiff and the intervenor appealed.
*362 By answer to the appeal, appellee prays for substantial increase in the award of damages, including $500 for "humiliation, harassing and annoyance", etc. No such amount was asked for in the reconventional demand.
As we view the issues of the case there is tendered the primary question of the payments in full of the installments due December 1949, and January 1950. The right of plaintiff to file the suit and avail itself of the accelerating clause depends solely upon the truth of its contentions as regards the alleged amounts due on the note. Defendant has certainly sustained his plea on this issue. On December 12th he mailed to plaintiff's office in the City of Shreveport a bank money order for $70.95, accompanied by a letter wherein it is stated that the check was intended to pay the installment due on December 1st. On January 10th he mailed to plaintiff's office a bank money order for $70.95, accompanied by a letter advising that the remittance was to pay installment due January 1, 1950. Plaintiff's representatives admit timely receipt and acceptance of the money orders.
Notwithstanding all this, the suit was filed on January 13th, the second day after receipt of the January remittance.
It is worthy of note that on January 23, 1950, defendant also mailed to plaintiff a bank money order for $70.95 and stated in the letter of transmitted that the amount was intended to pay installment due on note February 1st thereafter. It is also of interest to note that to neither of the three mentioned letters of transmittal did plaintiff take exception, nor disagree as concerns the installment against which the payments, respectively, were intended to and should be applied. It is also of interest to observe that the $1.60 claimed to be due on December installment, finally shrank to 40 cents according to the testimony of plaintiff's representative.
During trial, plaintiff, over defendant's objection, but subject thereto, was allowed to introduce testimony to support a shift by it in position. This testimony was to the effect that defendant had not paid the November installment and that the small balance due of 40 cents arose from transactions prior to November 1st. Plaintiff then and now contends that since the November installment was not paid that month, the December payment was imputed to it, and so on down the line, thereby leaving the January installment unpaid and this too, regardless of the fact that when the $70.95 was paid on January 11th, the letter of transmittal clearly stated that it was intended to pay the January installment.
It is our opinion that the objected to testimony was not admissible. Having planted itself upon the position it did, plaintiff should have been held to the issue tendered thereby. Be this as it may, under reservation of his rights, defendant, we believe, successfully met the new issue created by plaintiff's shift.
Defendant and his foster father, James W. Jones, Jr., his counsel herein, testified that about the middle of November, 1949, they stopped in Shreveport en route to Natchitoches, from Hot Springs, Arkansas, where the latter had been for some two weeks, and that they then went to plaintiff's office and that James W. Jones, Jr., paid in cash for defendant $70.95 to cover the November installment; that receipt for the amount was issued and signed by a Miss Jordan, employee of the plaintiff, and delivered to James W. Jones, Jr.; that the receipt had been lost, misplaced or destroyed and could not be found after diligent search therefor.
The only testimony offered to refute that given by defendant and his father was that of H. W. Caraway, plaintiff's credit manager. He could testify only as to the account's condition, reflected from the books and records that were kept by others. Miss Jordan, at time of trial, was not in plaintiff's employ but her whereabouts was known to its representatives. No reason is assigned for not having her present at time of trial or for not having taken her depositions by commission or otherwise.
The Court's ruling on the merits of the case is manifestly correct. Defendant is entitled to recover, as an element of actual damages, a fee for services of his *363 counsel in dissolving the writ. Expense incurred in preparation for a defense to a law suit is not recoverable against the opposite side. Punitive and exemplary damages are unknown to the administration of justice in this state.
It is not shown that the car has deteriorated in value or suffered any material physical injury since its seizure by the sheriff. Of course, if it remains in the sheriff's possession, unprotected from weather conditions, until final decree in this case, it may depreciate some in value, but defendant had the right to obviate this by bonding the car.
There can be no doubt that defendant did suffer embarrassment and some humiliation from the seizure of his car. He daily used it in going from his apartment to Centenary College, a distance of one mile, and on weekends to his home in Natchitoches, a distance of 81 miles. Often he picked up friends and/or fellow students. Naturally, being deprived of the car's possession attracted the attention of these friends and students, and doubtless caused much comment among them. It was very embarrassing to defendant to know that these friends and fellow students knew that his car was taken over by the sheriff. We would be disposed to allow a larger amount in damages on this score than $100, but defendant has limited his demand to this amount.
The claim for $5 per day damages for being deprived of the car's possession is not well founded. Defendant was able to continue his college work without the car, although it was not as convenient to do so as it was with it.
Appellant, The St. Denis Securities Company, Incorporated, complains that judgment was not rendered in its favor. As this appellant prayed for judgment on its demand only in event there was judgment for the plaintiff, no valid basis exists for complaint that its demand was rejected at its cost.
For the reasons herein given, the judgments from which appealed are affirmed with costs.