135 So.2d 594 (1961)
Olen FORBESS, D/B/A Forbess Tire & Radiator Service, Plaintiff-Appellant,
v.
GEORGE MORGAN PONTIAC COMPANY, Inc., Defendant-Appellee.
No. 9603.
Court of Appeal of Louisiana, Second Circuit.
November 22, 1961.
Rehearing Denied December 27, 1961.
*595 Rabun & Dawkins, Farmerville, for appellant.
Spencer & Dozier, Farmerville, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
Suit was instituted by Olen Forbess against George Morgan Pontiac Company, Inc., a nonresident Arkansas corporation, for damages. In conjunction with his suit, filed on June 13, 1961, plaintiff obtained a writ of attachment predicated solely upon the ground of nonresidence, and caused to be seized a wrecker truck.
The named defendant, with stated reservation of its rights to further plead without submitting to the jurisdiction of the court, filed a declinatory exception of jurisdiction and motion to dissolve the attachment. Therein it set forth that exceptor had no agent for the service of process within the State of Louisiana; that it was induced by fraud and deceitful practices to send one of its wrecker trucks into Union Parish, Louisiana, where it was immediately seized for the purpose of obtaining jurisdiction; that on the date of seizure, June 12, 1961, plaintiff telephoned defendant that his car was disabled and required the services of a wrecker to tow it to defendant's shop in El Dorado, Arkansas; and that accordingly, it pleaded that the court lacked jurisdiction of the subject matter and the writ of attachment should be dissolved. Pleading further, the defendant sought damages for loss of the services of his truck by reason of the seizure, and also demanded attorney's fees. A rule issued, returnable on June 22, 1961, requiring the plaintiff to show cause why the writ of attachment should not be dissolved with allowance of damages, attorney's fees, and costs to be assessed as prayed for.
The trial of the rule was had on June 22, 1961, and appearing to testify as a witness for defendant, George Morgan Pontiac Company, Inc., was an employee, Eddie Stringfellow, who was served with citation and a copy of the petition in plaintiff's suit. In response to the motion to dissolve, plaintiff answered, denying any wrongful practice in order to secure jurisdiction. Upon the issues presented the trial judge sustained a motion to dissolve the writ of attachment, awarded damages and attorney's fees in the sum of $330.00, and dismissed the suit. This appeal was taken from the judgment so rendered and defendant has answered the appeal, requesting an increase in the amount of attorney's fees.
Appellant argues before this court: (1) that the trial judge erred in holding there was connivance and fraud on the part of plaintiff for the purpose of securing jurisdiction; and (2) by coupling the motion to dissolve with a rule, causing the rule to issue, making a demand for damages and *596 seeking a monetary judgment, the nonresident submitted to the jurisdiction.
The evidence discloses beyond doubt that plaintiff on June 12th, the date of the seizure, requested defendant to send its wrecker to tow his Cadillac automobile to defendant's shop in El Dorado, when by his own admission, the only service the vehicle needed was an adjustment of a spark plug. The trial judge, therefore, correctly resolved the defendant, a nonresident, had been fraudulently induced to send its wrecker into Louisiana and solely for the purpose of securing jurisdiction in the courts of Louisiana, in order to prosecute his personal claim against defendant for damages. Under those circumstances, jurisdiction was not acquired and the seizure was improper. Powell v. McKee, 4 La. Ann. 108 (1849); McKee v. Amonett, 6 La.Ann. 207 (1851). The general rule is stated in Fidelity & Deposit Company of Maryland v. Bussa, 207 La. 1042, 22 So.2d 562 (1945):
"No fundamental principle of law is more firmly entrenched in the law of all jurisdictions than the principle that a civil suit must be instituted at the domicile of the person being sued. In our state this principle is couched in the following language: `It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence * * *.' Article 162 of the Code of Practice. Like all general rules, however, this one is subject to a number of exceptions, the one pertinent here being that a court may take jurisdiction over a nonresident when personal service is made on that person within the confines of the court's jurisdiction. But another universally recognized rule of law is that courts have no jurisdiction in a civil suit when such suit is based on personal service of a nonresident when that person has been `brought within the reach of its process wrongfully or fraudulently, or by deceit or by any other improper device' on the part of the plaintiff. 15 C.J. 800, § 98. See, also, 21 C.J.S. Courts § 83, p. 122; 14 Am.Jur. 382, Section 185; 7 R.C.L. 1040, Section 71; Restatement of the Conflict of Laws, 117, Section 78; 6 Am.St.Rep. 180; Fitzgerald & Mallory Construction Co. v. Fitzgerald, 137 U.S. 98, 11 S.Ct. 36, 34 L.Ed. 608; Frawley, Bundy & Wilcox v. Pennsylvania Casualty Co., C.C., 124 F. 259; Cavanagh v. Manhattan Transit Co., C.C., 133 F. 818; Steiger v. Bonn, C.C., 4 F. 17; Blair v. Turtle, C.C., 5 F. 394; Townsend v. Smith, 47 Wis. 623, 3 N.W. 439, 32 Am.Rep. 793; and Siro v. American Express Co., 99 Conn. 95, 121 A. 280, 37 A.L.R. 1250."
The further contention of appellant is that by proceeding to move the dissolution or writ of attachment by rule, and coupling therewith a demand and prayer for damages the defendant has made an appearance which subjects it to the jurisdiction of the court.
Two articles of the new Procedural Code, LSA, contain provisions of importance in determining the jurisdictional question. Article 6 provides that:
"Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:

* * * * * *
"(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto."
The pertinent portion of Article 7 is:
"Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly *597 waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:

* * * * * *
"(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
"(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.

* * * * * *
"When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance."
In giving application to these articles, other articles of the Louisiana Code of Civil Procedure, LSA, are relevant. Article 3506 expressly permits dissolution of a writ of attachment by contradictory motion and declares that if the writ is dissolved, the action shall then proceed as if no writ had been issued. The article provides that the court may allow damages and attorney's fees on a motion to dissolve for wrongful issuance of a writ of attachment. Article 963 states that the rule to show cause is a contradictory motion. Article 5051 is declaratory that a liberal construction is to be given to the articles of the Code, with due regard to the fact that rules of procedure implement the substantive law.
The principal issue presented herein may be thus stated: Does a nonresident corporation which has not been personally served, but which has filed a declinatory exception to the jurisdiction of the court and moves the dissolution of an attachment, submit to the jurisdiction of the court so that a judgment in personam may be rendered against it, if the motion to dissolve incorporates therein a claim for damages and attorney's fees resulting from a wrongful seizure? Articles 6 and 7 of the new procedural code, LSA are, with minor changes, declaratory of our prior procedural law, according to the Official Revision Comments. Thus, subsection (4) of Article 7 codifies the holding of Chapman v. Irwin et al., 157 La. 920, 103 So. 263 (1925), which held a motion to dissolve the attachment in the case of a wrongful seizure of a nonresident's property properly tested the court's jurisdiction, as it was the sole method through which the nonresident could deprive the court of the only jurisdiction it had apparently obtained.
Our jurisprudence prior to the enactment of the Code of Civil Procedure required that an appearance through an exception to the jurisdiction had to be restricted to those averments which were necessary to disclose the want of jurisdiction. Allegations tending to join issue with respect to the merits of the case constituted a waiver of jurisdiction. Thus, in State v. Buck et al., 46 La.Ann. 656, 15 So. 531, 533 (1893), the court declared:
"The well-defined theory of our jurisprudence is that the exception of want of jurisdiction ratione personae, to be availing, must be presented in limine and alone, and altogether disconnected with and disembarrassed by any other averment of fact which indicates the joining of issue. If any other issue be conjointly tendered with such exception, it must necessarily fail."
Likewise, the pronouncement was made in First National Bank of Arcadia v. Johnson et al., 130 La. 288, 57 So. 930, 931 (1912):
"* * * an appearance to the suit, except for the purpose of objecting to the jurisdiction, or to the process or citation, subjects defendant to the jurisdiction of the court. A defendant may, without subjecting himself to the jurisdiction of the court, come in and *598 ask to be dispensed from answering the suit, or, in other words, decline to appear, either because the court has no jurisdiction, or because the process for bringing him into court has been faulty, and therefore insufficient; and he may also ask for the removal of the suit from the state to the federal court; but he cannot, without subjecting himself to the jurisdiction of the court, apply for any other relief than this. The property stands in the court as his representative in his absence; if he comes in and withdraws the property and puts himself in its place, he must be considered as being in court for all the purposes of the suit."
It is clear, however, that Article 3506, of the Code of Civil Procedure, LSA, has effected changes which overruled some jurisprudence. This is evident from a reading of the Article:
"The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
"The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits."
This article permits more liberality with respect to pleading claims for the recovery of damages and attorney's fees allowable upon dissolution of an attachment. These changes, however, are not of a jurisdictional nature and in no wise modify the provisions of Articles 6 and 7 of the Procedural Code, LSA.
The motion to dissolve avers that the exceptor incurred damages through the loss of the services of its truck. This allegation was totally unnecessary to the inquiry of jurisdiction. Such a demand and likewise a claim for attorney's fees, may be asserted upon the merits of the case, even by reconventional demand. The plea, therefore, seeks relief other than the dissolution of the attachment on the ground of the nonresidence of the defendant, and constitutes a submission by defendant to the exercise of jurisdiction over it personally by the court.
In reaching this conclusion, however, it is clear that the citation and service upon Eddie Stringfellow had upon June 22nd, was invalid under the ruling of the Supreme Court in Fidelity & Deposit Company of Maryland v. Bussa, supra. Although we hold that defendant has by its appearance submitted to the jurisdiction of the court, the motion to dissolve the writ of attachment must stand for its efficacy rests upon facts existing at the date of the issuance of the wrongful writ. Anisman v. Nagle et al., 177 La. 583, 148 So. 885 (1933); and authorities therein cited.
Appellant also argues the trial court's award of $150.00 attorney's fees was excessive, the allowance of $100.00 damages for wrongful issuance of the writ was punitive, and the further allowance of $85.00 as actual damages was not proven. Appellee, on the other hand, has answered the appeal and prayed for an increase in the attorney's fees to $350.00, and the additional sum of $100.00 for damages for frivolous appeal.
The amount claimed by the defendant as attorney's fees cannot exceed the prayer therefor in the original motion, or $250.00, which sum we think should be allowed. However, we are of the opinion the $100.00 award for wrongful seizure must be classed as punitive damages and, therefore, disallowed. Moore et al. v. Withenburg et al., 13 La.Ann. 22 (1858); General *599 Motors Acceptance Corporation v. Sneed et al., 9 La.App. 471, 121 So. 254 (2d Cir. 1928); Universal C. I. T. Credit Corporation v. Jones, La.App., 47 So.2d 359 (2d Cir. 1950). It is our appreciation of the evidence that actual damages were not sufficiently proven and this claim is disallowed.
Therefore, for the reasons hereinabove set forth, the judgment from which appealed is amended in part and affirmed in part, and recast to read as follows:
It is ordered that the declinatory exception and motion to dissolve the writ of attachment be made absolute and the writ of attachment which issued on June 12, 1961, be dissolved with damages in the sum of Two Hundred Fifty ($250.00) Dollars attorney's fees to be paid by plaintiff, Olen Forbess. Insofar as the judgment rejects plaintiff's main demand, it is annulled and reversed and the same is ordered reinstated, and the cause is remanded to the Third Judicial District Court for the Parish of Union, for further proceedings not inconsistent herewith. The plaintiff, Olen Forbess, and the defendant, George Morgan Pontiac Company, Inc. are each taxed with one-half the costs of this appeal.
BOLIN, J., dissents, giving written reasons.
BOLIN, Judge (dissenting).
I respectfully dissent from that portion of the majority opinion holding that the non-resident defendant submitted itself to the jurisdiction of our Courts by filing a limited appearance to dissolve the faulty writ "without in any manner submitting to the jurisdiction of this Honorable Court" merely because it coupled with such motion, a demand for attorneys' fees and damages for such wrongful and illegal seizure.
The majority opinion predicates its ruling on LSA-C.C.P. art. 7, subsec. (4), which is quoted, supra, therein. Instead of supporting the majority opinion, I think it refutes same.
Under this provision, a party does not make a general appearance and does not submit to the jurisdiction of the Court when he seeks the "dissolution of an attachment issued on the ground of the non-residence of the defendant." In my opinion, the demand for damages for wrongful attachment is only incidental to the demand for dissolution of the attachment and grows out of the latter demand, and is included in Article 7(4) of the Code of Civil Procedure, LSA. The demand for damages is not a separate demand, nor is it a demand relating to the merits of the suit instituted by Mr. Forbess; it is concerned strictly with the wrongful attachment itself. It will be noted that those actions set out in Article 7 as not constituting a general appearance are such actions as do not relate to the merits of the case. The majority opinion would certainly call for a strict interpretation of the provisions of Article 7, while Article 5051 of the Code of Civil Procedure, LSA, provides as follows:
"The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves."
The majority correctly holds that a defendant is entitled to damages and attorneys' fees for the wrongful issuance of a writ of attachment. In my humble opinion, it is a very hollow remedy indeed to grant a non-resident defendant the right to damages for wrongful attachment of his property and tell him in the same breath that in order to get those damages, he must submit to the jurisdiction of our courts on the suit brought against him by the seizing plaintiff. How else is this non-resident defendant going to exercise his legal right to damages and attorneys' fees? For the reasons stated, I respectfully dissent from that portion of the majority opinion.
Rehearing denied: BOLIN, J., dissents.