HALL, Judge.
In this matter a separate suit was filed by each of three different plaintiffs against Mack Trucks Inc. seeking damages for wrongful seizure. The three suits were consolidated for trial below and tried as one suit. The District Judge rendered but one judgment in which he denied the claims of all three plaintiffs and dismissed their suits. The three plaintiffs joined in one petition for a devolutive appeal and posted a joint appeal bond. No objection was made as to the procedure. The matter was argued before us as a consolidated appeal.
It is necessary first to state briefly the factual background of this litigation. T & D Contracting Company, a partnership composed of O. R. Dixon and James F. Toups purchased on various dates in 1958 and 1959 a total of seven trucks from Mack Trucks Inc., the credit portion of the purchase prices being represented by seven separate notes of the partnership each note being secured by a separate chattel mortgage on the vehicle involved. On May 13, 1960 Mack Tracks Inc. filed seven separate foreclosure suits via ejecutiva, each of the suits affecting one of the seven trucks. The foreclosure suits were filed in the Civil District Court for the Parish of Orleans and resulted in the seizure and sale with *286 appraisement of each of the seven trucks. Mack Trucks Inc. bought them in at the foreclosure sales for less than the amounts due thereon, and on July 28, 1960 filed seven separate suits in the 24th Judicial District Court for the Parish of Jefferson for deficiency judgments against O. R. Dixon and James F. Toups, d/b/a T & D Contracting Company. Each of the deficiency judgment suits were dismissed by the Trial Judge and on appeal this Court held that the original foreclosure suits by executory process were filed in a Court which had neither jurisdiction over the person of the defendants named therein nor over the trucks sought to be seized, consequently the deficiency suits could not be maintained, being based on appraisals made under orders of a Court which had no jurisdiction. (See Mack Trucks Inc. v. O. R. Dixon and James F. Toups, d/b/a T & D Contracting Company, La.App., 142 So.2d 609). Our opinion and decree in that case was handed down on June 4, 1962 and writs were refused by the Supreme Court on October 3, 1962.
On May 18, 1961 the three suits involved in the present litigation were filed against Mack Trucks Inc. in the Civil District Court for the Parish of Orleans. One suit •was filed on behalf of O. R. Dixon, one on behalf of O. R. Dixon and James F. Toups, and the third on behalf of T & D Contracting Co. Inc. Each of the suits were filed by the same counsel and are entirely similar in character. The plaintiff in each of them alleged ownership of “a certain Mack Truck” (not otherwise described) ; alleged seizure of the truck on May 18, 1960 by virtue of a foreclosure proceeding via executiva filed by Mack Trucks Inc. in the Civil District Court for the Parish of Orleans; and alleged that the seizure was wrongful because the note foreclosed upon was not in default at the time the proceeding was filed. Plaintiff in each case prayed for damages for illegal seizure in the amount of $50,000.00.
The defendant, Mack Trucks Inc., filed various exceptions to each of the three suits, among them being an exception of vagueness which was sustained as to each of the three suits with leave granted to amend. The suits were thereupon consolidated for trial.
On January 11, 1963 the plaintiffs in the three suits filed a joint “consolidated and first amended petition” in which they refer to the seven deficiency judgment suits filed in Jefferson Parish, to the opinion and decree of this Court with reference thereto, to the denial of writs by the Supreme Court on October 3, 1962, and allege that “as a result of the aforesaid judicial determination holding that the said trucks were seized illegally by Mack Trucks Inc. the petitioners are entitled to recover damages as a matter of law.”
The joint amended petition further alleged that “as a result of the aforesaid judicial determination holding that the said trucks were seized illegally by Mack Trucks Inc. the petitioners are entitled to recove/* damages as a matter of law.”
The joint amended petition also alleged that “as an additional cause of action and in addition to the aforesaid grounds * * petitioners aver that the seizures of three (3) of the aforesaid trucks were illegal because the promissory notes secured by these three (3) trucks were not in default at the time of said seizures.” Petitioners then describe these three trucks by serial numbers etc. but nowhere do they describe the other four trucks and nothing further is said .about them. The prayer of the joint petition is for damages for illegal seizure in the sum of $50,000.00 in favor of each of the three joint petitioners.
After trial on the merits the District Judge found that the notes. on the three described trucks were in default at the time Mack Trucks Inc. filed executory proceedings, and dismissed the suits of all three plaintiffs. He made no allusion whatever to the other four trucks.
We shall first consider whether the notes on the three described trucks were in de *287 fault on May 13, 1960, the date foreclosure proceedings were filed. These trucks are described as bearing serial numbers as follows: B42SX-13876, B42SX-7221, and B42S-16735. The record shows that at the time of foreclosure truck No. 13876 was owned by O. R. Dixon and carried on defendant’s books under that name; truck No. 7221 was owned by the partnership T & D Contracting Company composed of O. R. Dixon and James F. Toups and was carried on defendant’s books under the partnership name; truck No. 16735 was alleged by the joint plaintiffs to have been transferred by the partnership to T & D Contracting Co. Inc. on February 1, 1960, but as of the date of the foreclosure it was still carried on defendant’s books under the partnership name.
In considering whether the notes secured by these three trucks were in default on the date of foreclosure it is necessary to start with a refinancing agreement which took place in February 1960. The payments on all seven of the chattel mortgage notes had become in arrears and Mr. O. R. Dixon, acting for himself personally, as managing partner of T & D Contracting Company and as president of T & D Contracting Co. Inc. (as he did throughout) sought to have them refinanced. He testified that he went to see a Mr. Dibble, the then local Branch Manager of Mack Trucks Inc., who agreed to refinance six of the trucks provided Dixon would pay in full an open account which was owed Mack Trucks Inc. for repairs and parts, and provided further that Dixon would bring the payments on the remaining truck up to date. He further testified that Mr. Dibble told him it would take four payments to do this.
In accordance with this agreement Dixon gave Dibble a check dated February 10, 1960 for $3,147.13 which paid off the open account in full and also provided for the four payments of $319.81 each on one truck as required by Dibble. This truck is identified as truck No. 16735, being the one alleged by plaintiffs to belong to T & D Contracting Co. Inc., and defendant’s books show four separate credits of $319.81 each to the account of that truck on February 10, 1960.
Carrying out the agreement made by Dibble the other six trucks were refinanced by Mack Trucks Inc. and defendant issued six new “Payment Books” showing the refinanced installments due on each of the six trucks and mailed the “Payment Books” to Dixon. Each of the monthly refinanced installments were to become due on the first day of each calendar month, the first payment becoming due on March 1, 1960.
Truck No. 13876 (belonging to O. R. Dixon) and Truck No. 7221 (belonging to the partnership, T & D Contracting Company) were among the trucks which were thus refinanced. Truck No. 16735 (alleged to belong to the corporation, T & D Contracting Co. Inc.) was not refinanced, but the monthly installments of $319.81 happened also to fall due on the 'first of each month.
On April 11, 1960 Dixon gave defendant a check for $2525.72 which covered the: payments due March 1st on all seven trucks.
Dixon testified that after this payment he told Dibble he could not keep up the payments on aill seven trucks; that he was only going to pay on the three trucks which were then working at Bayou Sor-rell, and told Dibble he wanted him to take over the other four trucks, fix them up and sell them for his account. He testified: “I told him I was going to keep paying for these three trucks and I wasn’t going to pay for the others.” Dixon’s testimony is uncontradicted.
On April 29th Dixon gave defendant a check for $1,046.17 to' cover the payment which was due April 1st on the three trucks at Bayou Sorrell. This check bears a printed column headed: “By endorsement this check when paid is accepted in full *288 payment of the following' account.” When making out the check Dixon placed the following figures in this column:
“401.10
319.81
325.36”
The three trucks at Bayou Sorrell which Dixon intended to keep up the payments on were trucks numbered 13876, 16735 and 7221 and the figures written by him on the check correspond with the respective monthly installments due on these three trucks.
Upon receipt of this check defendant credited the accounts of trucks numbered 13876 and 16735 with the respective amounts of the monthly payments due thereon, but defendant credited only $134.10 to the account of truck No. 7221, crediting the balance of the $325.36 payment (amounting to $191.26) to an open account in the name of “T & D Contracting Co. (O. R. 'Dixon)” reflecting charges thereto made since February 10th.
It is clear that Dixon intended that the check of April 29th would satisfy in full the April 1st payment due on all three trucks. However $191.26 of the payment on truck No. 7221 was credited by defendant to the open account.
After the payment due on March 1st Dixon made no further payment whatever on the other four trucks.
On May 9, 1960 Dixon made out a check payable to defendant in the sum of $1,046.17 and wrote the three figures in the column, as he had previously done with the check of April 29th. Dixon testified that the next day (May 10th) he called defendant’s office and they sent out a Mr. Blake Gidley to pick up the check. He further testified that he gave the check to defendant’s representative, Gidley, on May 10th and that Gidley took it off with him. The check shows on its face that the drawee bank certified the check on May 10th. Dixon testified that he did not have the check certified — that it was not certified when he handed it to Gidley, and that he never saw it again until after he got it from the bank about two months later. The record shows that the check was not deposited to defendant’s account until May 31st and that the bank stamped it paid on June 1st. .
When did defendant receive this check? Dixon is positive he gave it to Gidley on May 10th. He is equally positive that he (Dixon) did not have it certified. Yet the check was certified on May 10th. Did Gidley or someone else in defendant’s office have it certified? Gidley was dead at the time of the trial and Dixon’s is the only testimony we have. Defendant argues that a large corporation such as Mack Trucks Inc. deposits all checks on the date received and since it was not deposited until May 31st it must not have been received before that date.
However we entertain no doubt that defendant received the check on May 10th as Dixon testified, and that defendant had it certified on that date. Aside from any inference which might be drawn from the record as to why defendant did not deposit it until May 31st, it would be entirely unreasonable to believe that Dixon would have had the check certified on May 10th and not have delivered it to defendant until after the foreclosure proceedings were instituted and the trucks seized.
It is clear that the check dated May 9th and certified on May 10th was intended by Dixon to cover the May 1st payment due on trucks Nos. 13876, 16735 and 7221. However when defendant deposited it on May 31 it credited a full monthly payment of $319.81 to truck No. 16735, a partial payment of $191.26 to truck No. 7221 and nothing to truck No. 13876. Of the remainder ($535.10) of the check $281.01 was credited to the open account and $254.09 *289 was credited to one of the other four trucks.
In summary it is seen that six of the trucks, including No. 7221 belonging to Dixon and No. 13876 belonging to the partnership were brought up to date and refinanced on February 10, 1960. Truck No. 16735 claimed by the corporation was not refinanced. Between February 10 and May 13, the date foreclosure proceedings were filed three monthly installments on all trucks fell due (i.e. the installments due March 1, April 1 and May 1). Plaintiffs paid the March 1 installments on all seven trucks. Thereafter plaintiffs chose to make payments only on trucks 7221, 13876 and 16735 and so notified defendant. Plaintiffs’ checks of April 29 and May 9 corroborate this imputation. We find as a fact that defendant received the May 9 check on May 10 and had it certified on May 10. When certified it became the equivalent of a cash payment to defendant on May 10. The payments made by plaintiffs subsequent to February 10 were sufficient in amount to cover the installments due on trucks Nos. 7221, 13876 and 16735 through May 1, if the payments had been credited in accordance with plaintiffs’ imputation. Defendant however elected to credit the payments in part to other accounts.
 The law is clear that the debtor of several debts has a right to declare, when he makes a payment, what debt he means to discharge. LSA-C.C. Article 2163. The creditor has no right to impute the payment in a manner contrary to that declared by the debtor at the time of the payment. It is only when the debtor has made no imputation that the creditor may do so under LSA-C.C. Article 2164.
Giving effect to plaintiffs’ imputation we find that nothing was due on trucks Nos. 7221 and 13876 on May 13, 1960 when the foreclosure proceedings were filed. The payments on these two trucks were not in default. See Universal C.I.T. Credit Corp. v. Jones, 47 So.2d 359.
Truck No. 16735, claimed by the corporation is in a different category. This truck was not refinanced and the record shows that the four payments made thereon on February 10, 1960 did not as a matter of fact cover the payment which had become due thereon on February 1. This account was technically in arrears at the time of refinancing. However the testimony shows that the parties considered that the payments were current as to all trucks as of February 10, 1960, and as to this truck No. 16735 we quote the following from defendant’s brief:
“The account was in arrears but at the time that the other six units were refinanced, the plaintiffs produced sufficient cash payments to bring this account .current and all of this is reflected on the ledger sheet. As a matter of fact, this account was technically in arrears at the time of the refinancing, hut as stated above was satisfactorily brought current by the application of a large sum of money.” (Emphasis added.)
Considering the fact that the account was deemed to be current as of February 10, the payments on this truck were not in default as of the date the foreclosure proceedings were filed.
However defendant has filed an exception of no right of action against the suit of T & D Contracting Co. Inc. on the ground that T & D Contracting Co. Inc. has nowhere proved ownership to any of the seven trucks. The exception applies particularly to truck No. 16735. A careful review of the record shows that the exception is well grounded. However since there is sufficient in the record to show that T & D Contracting Co. Inc. may be able to prove ownership of this truck we shall, in the interest of justice, remand the cor- *290 -pbration’s- suit for the limited purpose of permitting it to produce proof -of its ownership of truck No. 16735 if it is able to do so.
Wé come-now to a consideration of the other' four 'trucks. As we have seen plaintiffs attempted to abandon these tracks to the defendant. The last payment made on them was the payment due March 1 and the note's securing them became in de: fault on April 1. However, in their briefs before us, plaintiffs ask that they be awarded damages for illegal seizure of these trucks on the ground that all of the seven separate foreclosure proceedings were absolute nullities and were so declared by this Court in Mack Trucks Inc. v. Dixon supra.
Plaintiffs’ claims as to these trucks seem to be an afterthought. They are not even mentioned in the original petitions in these consolidated cases. The only mention of them is in the supplemental petition filed June 11, 1963 and this mention seems to have been only by way of background. They are nowhere described in that pleading. During the trial below the only mention made of them was in explanation of the refinancing agreement of February 10 and in explanation of the distribution of the check for $2,525.72 dated April 11, 1960. Plaintiffs’ attorney during the trial referred to the three trucks heretofore considered by us as “being the subject matter of these three suits which are before us today.” The District Judge apparently did not consider that the four other trucks were involved in the litigation. In his “Reasons for Judgment” he speaks of the “three accounts in question,” obviously referring to trucks numbered 7221, 13876 and 16735. Nowhere does he pass upon or even refer to the other four trucks.
We do not consider plaintiffs’ amended petition to be a demand for damages for seven trucks; only for the three described therein.
But even if it be considered as a demand for damages for all seven trucks there is nothing in the supplemental petition nor in the evidence to show who owned any of the four trucks at the time they were seized. The pleadings taken together with the evidence do not exhibit a right of action in anyone as to the other four trucks.
Inasmuch as we are of the opinion that trucks numbered 7221,13876 and 16735 were not in default on the date of foreclosure, and inasmuch as there has been shown no right of action in anyone as to the other four trucks, we find it unnecessary to pass upon defendant’s exception of prescription filed in this Court.
Plaintiffs made no effort to prove the value of the trucks at the time of seizure, nor any special damages whatever. They claim as damages the amount of their paid in equity in the vehicles less a theoretical book depreciation factor of approximately 2% per month from date of purchase to date of foreclosure. Their damage claims are purely theoretical and appear fantastic in the light of Mr. Dixon’s own testimony that at the time of seizure the trucks were burned out. He testified that only one of the three trucks involved in this litigation was operable. Of the other two, Dixon testified: “One was down with an air leak and one was down with a burnt up engine.” Dixon did not know which truck was operable, which had the air leak, nor which had the “burnt up engine,” and the then value of the trucks is nowhere shown.
Under the circumstances only nominal damages can be awarded for the wrongful seizure of the three trucks. We fix these damages at $50.00 for the wrongful seizure of truck No. B42SX-13876 belonging to O. R. Dixon and a like amount for the wrongful seizure of truck No. B42SX-7221 belonging to the partnership T & D Contracting Company. If the District Court should determine on remand that any damages are due to the corporation T & D Contracting Co. Inc. for the wrongful seizure of truck No. B42S-16735, such dam *291 ages should be fixed in an amount not to exceed $50.00.
For the foregoing reasons the judgment appealed from is reversed, and it is now ordered adjudged and decreed as follows:
1) That there be judgment in the suit entitled “O. R. Dixon v. Mack Trucks Inc.” No. 391,091 of the Docket of the Civil District Court for the Parish of Orleans (our number 1914) in favor of the plaintiff, O. R. Dixon, and against the defendant, Mack Trucks Inc., in the full sum of $50.00 together with legal interest thereon from date of judicial demand until paid and all costs incurred by said plaintiff in both Courts;
2) That there be judgment in the suit entitled “O. R. Dixon and James F. Toups v. Mack Trucks Inc.” No. 391,090 of the Docket of the Civil District Court for the Parish of Orleans (our number 1913) in favor of the plaintiffs, O. R. Dixon and James F. Toups, and against the defendant, Mack Trucks Inc., in the full sum of $50.00 together with legal interest thereon from date of judicial demand until paid and all costs incurred by said plaintiffs in both Courts;
3) That the suit entitled “T & D Contracting Co. Inc. v. Mack Trucks Inc.” No. 391,089 of the Docket of the Civil District Court for the Parish of Orleans (our number 1912) be and the same is hereby remanded to the said Civil District Court for the sole purpose of permitting plaintiff to offer such proof of its ownership of truck No. B42S-16735 at the time of seizure as it may be able to adduce, and for the rendition of judgment by the District Court in accordance with such proof not inconsistent however with the views herein expressed, costs of both Courts to await final determination of the cause;
4) That all claims for damages for wrongful seizure of any trucks in addition to trucks numbered B42SX — 13876, B42SX-7221 and B42S-16735 be and the same are hereby denied and dismissed.
Judgment reversed and rendered.