ELLIS, Judge.
This is a suit by Harvey W. Colomb, doing business as Charles L. Colomb & Sons, against Lester Winfree for $28,882.-02, allegedly due for cattle purchased, and in payment of which defendant allegedly gave plaintiff two N.S.F. checks. Since defendant is a resident of and domiciled in the State of Texas, plaintiff obtained jurisdiction by attaching two trucks belonging to defendant, pursuant to the provisions of Article 3541(5) of the Code of Civil Procedure. Defendant filed a motion to dissolve the attachment on the ground that it was fraudulently obtained. After trial of the rule to dissolve, it was dismissed, and defendant has appealed.
In February, 1973, plaintiff sold to defendant two loads of cattle, for which defendant gave him two checks, for $14,916.-54 and $11,189.22, both of which were returned N.S.F. Plaintiff testified that defendant made repeated promises to send him a good check, which was to be delivered by the driver of one of defendant’s trucks. When defendant failed to send a check, plaintiff consulted his attorney. On March 20, 1973, this suit was filed, a curator-ad-hoc appointed to represent defendant, bond posted, and a writ of attachment issued. On March 21, 1973, plaintiff called defendant and requested that he send three trucks to pick up some cattle. Defendant only had two trucks available, and he sent these to Slidell, Louisiana, where plaintiff’s place of business is located.
*915 Nothing specific was said by plaintiff about sending payment with the trucks, nor was anything said about the possibility of seizure thereof. The trucks arrived in Sli-dell on the evening of the 21st, and one of the drivers contacted plaintiff to advise him of the arrival. Neither plaintiff nor the driver could recall anything being said about an envelope or check to be delivered to plaintiff by the driver. In fact, no such checks had been sent.
On the morning of March 22, the trucks were seized by the Sheriff. At that time, plaintiff looked through the glove compartment of the trucks, but found no envelope containing a check from defendant.
Plaintiff did, in fact, have two loads of cattle ready to be shipped. He testified that, had payment been made by defendant, as promised, he would not have had the trucks seized, but would have shipped the cattle instead.
It is plaintiff’s position that he is entitled to have defendant properly attached, in order to obtain jurisdiction in rem, under the provisions of Article 3541 of the Code of Civil Procedure, which provides :
“A writ of attachment may be obtained when the defendant:

“(5) Is a nonresident who has no duly appointed agent for service of process within the state.”
Article 3542 of the Code of Civil Procedure provides:
“A writ of attachment may be obtained in any action for a money judgment, whether against a resident or a nonresident, regardless of the nature, character, or origin of the claim, whether it is for a certain or uncertain amount, and whether it is liquidated or unliquidated.”
Defendant claims that the writ of attachment is invalid because, under the facts above outlined, the presence of the trucks in the State of Louisiana was procured by fraud, relying on the expression of our courts in the cases of Fidelity & Deposit Co. v. Bussa, 207 La. 1042, 22 So. 2d 562 (1945), and Forbess v. George Morgan Pontiac Company, 135 So.2d 594 (La. App. 2 Cir. 1961). In the former case, the Court said:
“ . . .a court may take jurisdiction over a nonresident when personal service is made on that person within the confines of the court’s jurisdiction. But another universally recognized rule of law is that courts have no jurisdiction in a civil suit when such suit is based on personal service of a nonresident, when that person has been ‘brought within the reach of its process wrongfully or fraudulently, or by deceit or by any other improper device’ . . . . ”
Plaintiff, in turn, argues that he practiced no fraud or deceit, since he did, in fact, have cattle ready to be shipped, and would have shipped them had defendant paid what he owed, as promised on several occasions. The record does show that, after the N.S.F. checks were returned to plaintiff, that he continued to do business with defendant, whose trucks made several trips to Slidell during the period just before the seizure. Plaintiff testified that defendant consistently promised to send a valid check by the drivers of these trucks, and had failed to do so.
The trial judge evidently accepted Mr. Colomb’s testimony, since he found no fraud or deceit was exercised. We find no manifest error in his conclusion in either respect. We think that if defendant failed to live up to his commitments he had no cause to complain if plaintiff chose to exercise his rights under Articles 3541 and 3542 of the Code of Civil Procedure.
The judgment appealed from is therefore affirmed, at defendant’s cost.
Affirmed.